## John T. Noble *et al.*

*v*

## John Cunningham.

1. AGENT AND PRINCIPAL — *when principal liable for tort of agent.* If a tort is committed by an agent in the course of his employment while pursuing the business of his principal, and is not a willful departure from such employment and business, the principal is liable although done without his knowledge.

2. NEGLIGENCE — *putting car in motion without means of stopping it.* It is negligence for persons engaged in loading cars on a railroad track to put a car in motion without making any provision for stopping it, or examining to see whether the brakes are in order, or examining to see whether any person is on or about other cars on the same track with which the one put in motion will necessarily collide, and if injury results to one who is guilty of no negligence himself, the parties putting the car in motion will be liable.

APPEAL from the Superior Court of Cook county; the Hon. John Burns, Judge, presiding.

Mr. John Van Arman, for the appellants.

Messrs. Hervey, Anthony & Galt, and Mr. John C. Richberg, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by John Cunningham, in the Superior Court of Cook county, against appellants, John T. Noble and Francis B. Little, to recover for an injury received, resulting in the loss of a hand, caused by the moving of a car on the side track of the Illinois Central Railroad Company, in the city of Chicago, by the servants of appellants.

A trial of the cause was had before a jury, which resulted in a verdict and judgment in favor of appellee for $3,000.

The appellants insist first, that the verdict is unsupported by the evidence.

We have carefully considered the testimony contained in the

record, and find it ample upon which to base the verdict of the jury.

At the time appellee was injured he was a laborer in the employ of the Illinois Central Railroad Company; two cars were standing together on a side track of the company; he went under one of them for the purpose of making some repairs; before doing this, however, he placed a man by the side of the car to keep watch and notify him should any other car or engine approach; several feet north of the car to be repaired, upon the same track, stood a number of cars, also three cars were standing some distance south.

Appellants, who kept a lumber yard in Chicago, on the morning of the accident sent three of their hired men with lumber to the railroad to be carred and shipped. The car to be loaded was one of the number standing on the track, north of where appellee was at work. The servants of appellants, in order to facilitate the loading of the car, undertook to move the cars between the one they desired to load and the car where appellee was at work, further south in the direction of appellee. They hitched a span of horses to the first car to be moved and started it, but when in motion they were unable to control it, and before appellee had any notice of the approach of the car, it struck the one adjoining the car appellee was repairing, which moved it forward and crushed appellee's hand.

The railroad company had, in its employ, a man, provided with an engine, whose duty and business it was to move all cars when necessary to accommodate its patrons.

It is claimed application was made to the agent to move the car, and the engine provided for that purpose was then in use, and the three servants of appellants were directed by the agent to move the cars themselves; this, however, was denied by the agent.

But independent of this fact, if the servants of appellants undertook to move the car, they were bound to exercise proper care and caution, and if they failed to observe this duty, and appellee was injured, when in the exercise of due care, through

the neglect and want of ordinary care on the part of the servants of appellants, the damages sustained by appellee must be visited upon appellants.

There is no pretense that appellee failed to observe due care and caution at the time of the accident. The controverted question is whether appellants' employees were guilty of negligence. They set in motion the car without making any provision whatever for stopping it; the brake upon it was out of order and could not be used. This they failed to examine. No blocks were permitted to be used in stopping the car; no examination was made to see if any person was under or about the cars the one moved was bound to come in collision with. In fact no precautions were taken to guard against danger. Under such circumstances the facts before the jury were sufficient to justify them in arriving at the conclusion that the negligence of appellants' servants was the cause of the injury.

It is, however, urged that appellants are not liable for the negligence of their servants in moving the car.

The general rule is, that the principal is liable for the torts of his agent, done in the course of his employment, although the principal did not authorize, or justify, or participate in, or even if he disapproved them. If the tort is committed by the agent in the course of his employment while pursuing the business of his principal, and is not a willful departure from such employment and business, the principal is liable, although done without his knowledge.

The three men who moved the car were in the employ of appellants. They were sent to the railroad to load a car with lumber; for the purpose of doing the act they were sent and directed to do, they undertook to move the car. The act of moving the car was a part and parcel of loading the other; it was not only no departure from the employment but will be regarded in the direct course of the employment.

It is insisted that it was error for the court to permit proof that an agent of the railroad company said to the servants of appellants, after the accident, that they should never load a car

in the yard again. Even if the evidence was improper, its admission had no tendency to prejudice the appellants. The same may be said in regard to the declaration of the witness Remsey, to which objection was made.

It is also urged by the counsel of appellants, in a very elaborate and ingenious argument, that the instructions given for appellee were improper, and that the court erred in refusing certain instructions asked by appellants.

While some of the instructions given may be liable to slight technical objections, yet we fail to perceive any substantial error in the law as given by the court to the jury.

The instructions placed the case fairly before the jury. They contained nothing calculated to mislead, and after a careful consideration of the whole record we are satisfied it contains no substantial error. The judgment will therefore be affirmed.

*Judgment affirmed.*