## Illinois Central R. R. Co. v. Fred Behrens.

1. NEGLIGENCE—*Definition of Common Law Negligence.*—Common law negligence, upon which an action for damages may be based, is a failure of one to exercise what would be, under all the circumstances of a particular case, ordinary care in observing or performing a noncontractual duty implied by common law.

2. SAME—*What Are Negligent Acts, Usually Question of Fact for Jury.*—Negligent acts may or may not constitute negligence, and it is usually an open question for the jury to determine whether in a given case the alleged acts, if proven, do in fact constitute negligence.

3. INSTRUCTIONS—*In Form of General Propositions of Law.*—Instructions in the form of general propositions of law, though stating the law correctly, may be misleading, and have often been criticised and sometimes condemned.

4. SAME—*When the Question of Negligence is Not Submitted to Jury by an Instruction.*—Where the ultimate facts to be determined by the jury from the evidence is whether the railroad company through its servants in charge of the engine was guilty of negligence, this question should have been submitted to the jury and an instruction which fails to do so is erroneous.

5. SAME—*When Those Given on Behalf of Adverse Party Do Not Cure Errors in Those Given for Successful Party.*—In cases which require that the verdict be set aside unless instructions given on behalf of the successful party be substantially correct and free from any error that might mislead the jury, instructions given on behalf of the adverse party will not cure the error in those given on behalf of the successful party.

Action on the Case.—Personal injury. Appeal from the Circuit Court of Washington County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

WILLIAM H. GREEN, attorney for appellant; J. M. DICKINSON, of counsel.

GEORGE W. VERNOR and JAMES A. WATTS, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case in the Circuit Court of Washington County, by appellee against appellant, to recover for a personal injury. Trial by jury. Verdict and judgment in favor of appellee for $6,000.

The declaration in this case consists of two counts. The first charges that appellant was possessed of and using a certain locomotive engine which was attached to a passenger train under the management and control of appellant's servants; that it was the duty of appellant to use a reasonably safe locomotive engine and to keep the same in reasonably safe repair; that appellant disregarded this duty and was knowingly using a defective and unsafe engine; that appellee was in the service of appellant as a section hand, and it was his duty to work along the line of the track of appellant's railroad; that while said locomotive was being used by the servants of appellant, and while appellee was in the due discharge of his duties as such section hand, by reason of the unsafe condition and lack of repair of said engine and its attached boiler, the boiler exploded, seriously and permanently injuring appellee, to his damage in the sum of $10,000.

The second count is like the first, except that the second charges that appellant was guilty of negligence on account of certain alleged negligent acts of its servants, and that by reason of such negligence the engine exploded and injured appellee.

The principal grounds upon which a reversal of this case is urged, are, that the verdict is not supported by the evidence, and that the court erred in giving the third instruction given on behalf of appellee.

As we view the case, we deem it unwise to discuss. the weight of the evidence further than to say that the evidence is so conflicting and contradictory as to bring the case within that class which requires that to sustain a verdict in favor of the successful party the instructions given on his

behalf must be substantially correct and free from any error that might mislead the jury.   The instruction complained of is as follows :

"The court instructs you that the defendant is liable for the negligent acts of its servants, and if you believe, from the evidence, that the plaintiff was injured as the result of the negligent acts of the engineer on engine No. 915, as charged in the declaration, then you should find for the plaintiff; provided the plaintiff was not guilty of negligence on his part contributing to the injury."

When considered in connection with the declaration, the issues of fact involved, and the state of the evidence, as an instruction should always be considered, this instruction is wholly vicious.

The first clause of the instruction—"The court instructs you that the defendant is liable for the negligent acts of its servants," appellee's counsel say, is "prefixed as a proposition of law."   Instructions in the form of general propositions of law, though stating the law correctly, may be misleading, and have often been criticised and sometimes condemned.   In C., C., C. & St. L. Ry. Co. v. Moss, 89 Ill. App. 1, we say :   " While such general propositions stated in instructions may not alone be cause for reversal in all cases, the giving of them should be avoided as serving no useful purpose, and as tending to direct attention of the jury to issues not in controversy;" and in Bailey v. Godfrey et al., 54 Ill. 507, the Supreme Court says :   "An instruction may often contain a correct abstract principle of law, yet be so worded as to tend to mislead the jury."   This clause in the instruction under consideration, is not only misleading in its assumption that appellant's servants were guilty of negligent acts, but it states the law incorrectly as to appellant's liability.   Within the scope of its proper application it may be laid down as the law that a master is liable for the negligence of his servants, but he may or may not be liable for the "negligent acts" of his servants.   There are comparatively few instances where any one is liable upon mere proof of negligent acts, and in those instances it is because the acts are such as to constitute negligence *per se.*   It is the

status, negligence, that creates the liability. Negligent acts may or may not constitute negligence. It is usually an open question for the jury to determine whether, in a given case, the alleged acts, if proven, do in fact constitute negligence.

The negligence charged in the declaration in this case is "common-law negligence" in contradistinction from "statutory negligence;" is also "negligence in fact," in contradistinction from "negligence in law." The acts charged are not negligence *per se*. These distinctions we discussed at some length in City of Belleville v. Hoffman, 74 Ill. App. 503.

Common law negligence, upon which an action for damages may be based, such as charged in the declaration in this case, is a failure of one to exercise what would be, under all the circumstances of the particular case, ordinary care in observing or performing a non-contractual duty, implied by the common law. This definition appears to us to meet all the requirements of the hundreds of cases of that character which have been before the courts of this State. Clearly differentiated from this, are cases where the action is based upon wantonness, willfulness, recklessness or maliciousness, and of course most cases based upon the violation of a statute or an ordinance; but none of these are involved here and need not be discussed in this connection. The ultimate question in cases charging negligence at common law always is, do the acts and conduct charged in fact constitute negligence; and this, except in extreme cases, is not a question of law for the court, but a question of fact for the jury.

The ultimate question of fact to be determined by the jury from the evidence, in that branch of the case at bar to which appellee's third instruction is directed, was whether appellant, through its servants in charge of the engine, was guilty of negligence. This question should have been submitted to the jury, and not alone the question whether these servants, or one of them, had committed the "acts" charged in the declaration. The mere fact of having committed the

acts charged might not, under the particular circumstances, constitute negligence.   When such acts are charged in the declaration, the jury must not only determine from the evidence whether the acts were committed, but must also determine the question as one of fact, whether such acts, though committed, do, under all the facts and surrounding circumstances, constitute negligence.  This instruction does not undertake to submit this ultimate question of fact to the jury for determination, but submits the intermediate question as the ultimate and controlling one.

Counsel insist that their third instruction is supported by authority, and cite us to C. & A. Ry. Co. v. Sanders, 154 Ill. 531, and Sackett's Instructions to Juries, Ed. 1881, page 257, and say that except the first clause, "prefixed as a proposition of law," theirs is a substantial copy of the one approved by the Supreme Court in the case cited, and of one recommended by Sackett.   Examination discloses that in this counsel are mistaken.   The writer of this opinion wrote the instruction referred to in the case in 154 Ill., and gave it to the jury.   It is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff, while in the exercise of ordinary care and caution for his own safety, was injured by or in consequence of the negligence of the defendant, as charged in the declaration, or in either one of the counts thereof, then you will find the defendant guilty."

It will be observed that this instruction does not authorize the jury to find the defendant guilty upon proof of the acts charged, but submits to the jury for their determination the ultimate question of fact as to the existence of the status, negligence.   In discussing this instruction the court says:

"Whether the defendant was guilty of negligence, or whether the plaintiff exercised ordinary care, were questions of fact for the jury."

Instructions substantially in the form of the one quoted from the 154th Ill. have been before our Supreme and Appellate Courts many times, but so far as we are advised, where they appear in cases like the one at bar, they all

submit the ultimate question to the jury.  On the page of
Sackett referred to, four forms of instructions are recom-
mended.  Two of them appear to be recommended as
proper in cases of the character of the case at bar, and while
they do not use the most apt words for the purpose, they
both do submit the ultimate question of fact to the jury,
and neither of them authorizes a recovery upon mere proof
of the acts charged.  The other two are recommended in
cases where willfulness, recklessness, wantonness or mali-
ciousness, are involved.

Counsel insist that their instruction only tells the jury
that if they have proven their declaration they are entitled
to recover.  In this proposition the same vice is present.
Mere proof of the doing or failure to do the acts charged
as negligent acts does not prove their declaration.  The
gravamen is negligence.  The acts done or omitted to be
done are but evidentiary facts proper to be proven as tend-
ing to establish the gravamen, negligence.

They also contend that if there be error in their instruc-
tion, it is cured by the instructions given on behalf of
appellant.  As above stated this case falls within that class
of cases which requires that the verdict must be set aside
unless the instructions given on behalf of the successful
party be substantially correct and free from any error that
might mislead the jury.  In such cases instructions given on
behalf of the adverse party will not cure the error in those
given on behalf of the successful party.  C. & A. R. R. Co.
v. Murray, 62 Ill. 326, is a representative case of this class.
And further, the instructions given on behalf of appellant
do not merely explain or supplement those given on behalf
of appellee, but in the most important feature are repug-
nant.  In such case a good instruction can never cure the
error in the bad one.  A leading case in which this rule is
applied is Hoge v. The People, 117 Ill. 35 (48).  In that
case the court says:

"But where one instruction says that the law is one
thing with regard to a particular state of circumstances,
and another instruction says that the law is another and

materially different thing with regard to precisely the same matter or state of circumstances, the instructions are repugnant, and no repetition of correct instructions can cure the error of those incorrect; for the jury, assuming, as is their duty, that they are all correct, may as readily follow those that are incorrect as those that are correct."

It is also contended that appellant's instructions embody the same theory as those given on behalf of appellee, and therefore appellant is not in position to avail of the error now complained of.   The proposition of the law of practice involved in this contention is sound and well supported by authority, but it is not true in respect to the principal vice in appellee's third instruction, which applies only to the second count of the declaration, that appellant's instructions are upon the same theory.   On page 31 of appellee's brief, counsel say:   "We quote from each sufficient to show their similarity;" and they quote portions of appellee's third and of appellant's second as follows :

Appellee's No. 3: "and if you believe from the evidence that the plaintiff was injured as the result of the negligent acts of the engineer on engine No. 915, as charged in the declaration, then you should find for the plaintiff."

Appellant's No. 2: " or that the boiler exploded in consequence of the negligence and carelessness of the servants of defendant who were operating the engine."

It is apparent that appellee's instruction authorizes a recovery upon proof of the intermediate or evidentiary facts alone; assumes that the acts, if proven, constitute actionable negligence; makes the question as to negligence one of law which the court determines, instead of submitting it to the jury to be determined by them as a question of fact.   It is also apparent that this ·is not true of appellant's instruction.   Appellant's instruction submits to the jury the gravamen—the question as to whether there is in fact negligence.   It does not authorize a recovery upon mere proof of the acts charged to be negligent acts, but requires that the ultimate fact, negligence, be proven.   The effect of this is to submit it to be determined by the jury whether or not the conduct of the servants in charge of the engine as to the

manner in which they took care of, managed and operated it on the occasion of the injury, was under all surrounding circumstances proven in the case, such conduct as might reasonably be expected of persons of ordinary care and prudence under the same or similar circumstances.

It is clear these instructions do not embody the same theory and that appellant is in position to avail of the errors complained of; and it is also clear that these instructions are repugnant, and therefore the good can not cure the bad.

The judgment of the Circuit Court is reversed and the cause remanded.