## Illinois Central Railroad Company v. J. S. Hicks, Administrator.

1. INSTRUCTION—*use of word "material," held erroneous.* An instruction which leaves to the jury to determine what are the material allegations of the plaintiff's declaration is erroneous in that it submits a question of law.

2. INSTRUCTION—*should not refer to ad damnum.* While not necessarily ground for reversal, it is improper by instructions to call the attention of the jury to the amount of the *ad damnum.*

3. INSTRUCTIONS—*should not contain mere abstract propositions of law.* Instructions should not contain mere abstract propositions of law, and such instructions where calculated to mislead are erroneous.

4. INSTRUCTION—*"while" and "at the time" held sufficient.* As applied to the time when the plaintiff must have been in the exercise of ordinary care, the word "while" and the phrase "at the time" held, under the facts of this case, sufficient.

5. NEGLIGENCE—*when instruction upon, erroneous.* An instruction which undertakes to tell the jury what acts constitute negligence, is erroneous.

6. MEASURE OF DAMAGES—*when instruction in death case, erroneous.* An instruction in such a case is erroneous which authorizes the jury to fix the damages at such sum as they believe the plaintiff is entitled to under *all* the evidence without limiting the amount to the pecuniary loss sustained by the next of kin by reason of the death or specifying the elements of damage.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Pulaski County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

W. W. BARR, L. M. BRADLEY and E. C. KRAMER, for aplant; J. M. DICKINSON, of counsel.

HOOD & HOOD and FORMAN & WHITNEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Pulaski County, by appellee against appellant, to recover for the death of appellee's intestate resulting from the collision of cars, while in appellant's service as a car repairer. Trial by jury. Verdict and judgment in favor of appellee for $2,700.

The amended declaration consists of four counts. The second was withdrawn and the cause was tried on the first, third and fourth. In the first it is averred that appellee's intestate was in the service of appellant as a car repairer and was bound to obey the orders of his foreman, and while he was engaged in repairing a car on the repair track

in obedience to an order of his foreman and in the exercise of due care and caution, that defendant by its servants under another and different foreman in another and different branch of its service, negligently backed an engine upon the repair track, whereby appellee's intestate was caught between the timbers of the car and crushed, causing his death. The third is in substance the same as the first, with the further averment that the engine was run upon the repair track without ringing a bell or sounding a whistle, in violation of certain village ordinances. And in the fourth it is averred that deceased was ordered to go under certain cars on the repair track for the purpose of making repairs, that it was the duty of the defendant to provide him a reasonably safe place in which to perform his duties in that respect, and to refrain from negligence which would cause him injury while so engaged; that defendant allowed an engine and train of cars to remain on the repair track so close to the car which deceased was at work on that the "slack" of such an engine and train caused it to come back against the car on which he was at work, whereby he was crushed and killed. To this declaration appellant pleaded not guilty.

We are of opinion that upon the whole evidence the trial court was warranted in submitting the case to the jury. The judgment must be reversed for errors of law, and therefore, as we have often said in such cases, we deem it unwise to discuss the evidence in detail.

The trial court gave, at the instance and request of appellee, ten instructions. Each of these instructions is challenged by counsel for appellant, and we are of opinion that the challenge is not wholly without merit as to any of them except the third, sixth and eight. While each of the remaining seven does not contain reversible error, a number of them do contain such error, and as the case may be tried again we feel called upon to give attention to them all. It is also true, and proper to be stated in this connection, that most of the errors found in the instructions given on behalf of appellee are cured, or appellant is estopped with

respect thereto, by the contents of the twenty-seven given at his request. This is not true, however, as to all of them.

Appellee's first is as follows:

" 1.    The court instructs the jury that the plaintiff is not required to prove the allegations of all the counts of his declaration in order to entitle him to recover; under the law it is only necessary for the plaintiff to make out his case by the proof of the material allegations in some one of the counts of his declaration by the weight of preponderance of the evidence."

This instruction is discussed at some length by Mr. Justice Cartwright, in the recent case of Baker and Reddick v. Summers, 201 Ill. 52. In that case it is held that an instruction authorizing a verdict for the plaintiff if the jury believe from the evidence that she has established the *material* allegations of any of the counts in her amended declaration, is erroneous. It leaves the jury to determine what allegations are material. " What were the material allegations was a matter of law for the court." " Where the jury are not only referred to the declaration to determine the issues, but are instructed to find a verdict for the plaintiff if the material allegations of the declaration are proved, they are left to decide, as a matter of law, what are the material allegations, and might conclude that some allegation essential and material in law was not material or necessary to be proved to justify a recovery."

The second authorizes the jury to find in favor of appellee, upon the hypothesis therein stated, and to " assess his damages at such a sum as you believe him entitled to under all the evidence in the case not exceeding five thousand dollars." This instruction contains material error. It authorizes the jury to fix damages at such sum as they believe appellee is entitled to under *all* the evidence, without limiting the amount to the pecuniary loss sustained by the next of kin, by reason of the death, or specifying the elements of damage, in the instruction. Such instruction in this character of case should always specify the proper elements of damage to be considered by the jury, or it should,

in clear and unmistakable language, limit the recovery to the amount of pecuniary loss sustained. In this instruction no attempt is made to do either.

Reference to the amount of the *ad damnum* in such instructions has sometimes been apologized for, sometimes been justified, but usually it has been criticised, without going to the extent of holding it material. A statement which fairly expresses the general consensus of judicial opinion in this State upon that question may be found in East St. Louis Connecting Railway Company v. O'Hara, 150 Ill. 580 (584). "Although such reference to the amount of the *ad damnum* in the declaration is not to be commended, still we do not think that it constitutes such error as calls for a reversal of the judgment." There are however, cases in which this "not to be commended" practice has materially contributed to a reversal of the judgment.

The fourth is wholly vicious. It took the question of what constituted negligence on the part of appellant from the jury. The court in that instruction tells the jury what acts constitute negligence. It was not only a question of fact for the jury to determine whether the defendant was guilty of the acts specified, but it was also for them to determine from all the evidence whether such acts, if committed, did under all the attending and surrounding circumstances disclosed by the evidence, in fact constitute negligence. It is the status, negligence, that creates the liability, and this must always be determined by the jury, except where the court can say as a matter of law that the acts are in themselves such as constitute negligence *per se*, and such is not the case here. Illinois Central Railroad Company v. Behrens, 101 Ill. App. 33 (35–36). In Noble v. Cunningham, 74 Ill. 51, cited by counsel for appellee, in support of this instruction, the court was not discussing an instruction, nor stating the law. The question had been submitted to a jury on proper instructions and the jury had found defendant guilty. The court was discussing the evidence in justification of the verdict, and say with such

facts before them that they were justified in their finding. There is no practice that more imperils verdicts than the practice of copying out of opinions the arguments of the court upon questions of fact, and giving them to juries as law in other cases.

The seventh, ninth and tenth are mere abstract propositions and under the state of evidence in this record were calculated to mislead the jury. "Instructions in the form of general propositions of law, though stating the law correctly, may be misleading, and have often been criticised and sometimes condemned." "An instruction may often contain a correct abstract principle of law, yet be so worded as to tend to mislead the jury." Illinois Central Railroad Company v. Behrens, 101 Ill. App. 33 (35), and cases there cited.

Counsel for appellant contend that the expression "while", as used in the third instruction, and "at the time", as used in the sixth, with reference to the exercise of due care and caution on the part of deceased, are not sufficiently comprehensive as to time, that they include only the instant of the injury. Under the facts of this case this objection is not well taken. These fall under the general rule, and not under the exception or extreme case. East St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40 (52–53).

For the errors above noted, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*