## Trustees of Schools, etc., St. Clair County, v. Casper Yoch, Executor, et al.

1. PEREMPTORY INSTRUCTION—*when giving of, erroneous.* The giving of a peremptory instruction is erroneous where the evidence with all the reasonable inferences deducible therefrom tend to prove each and all of the material allegations of the declaration.

2. INSTRUCTION—*must not single out facts.* An instruction is improper which singles out particular facts from the other facts in evidence and specially directs the attention of the jury to them.

3. INSTRUCTIONS—*should not submit question of law to jury.* Instructions should not leave to the jury the question of determining as to what are the *material* allegations of the declaration.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907.

FRED B. MERRILLS, for appellants; L. D. TURNER, of counsel.

SCHAEFER & FARMER and GEORGE C. REBHAN, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of St. Clair county, by appellants against appellees, to recover damages alleged to have resulted to appellants' school house and premises by reason of the failure of appellees to leave proper and sufficient support for the "superincumbent soil" upon which the school house stood. Trial by jury. Verdict in favor of appellees. Judgment in favor of appellees in bar of action and for costs, and ordering execution to issue therefor.

At the close of appellants' evidence in chief, the trial court, at appellees' request, directed the jury to find the defendants (appellees) not guilty on the first count and on the first and second additional counts of the declaration.

This was error.  The evidence, with all reasonable inferences deducible therefrom, clearly tended to prove each and all the material allegations of these counts, and they should have been submitted to the jury along with the other counts.

The court gave to the jury the following erroneous instructions on behalf of appellee:

"The court instructs the jury that if you believe, from the evidence, that the pillars in said mine and the roof in said mine are intact and in good condition under the plaintiffs' premises and for a distance of three hundred feet beyond and adjacent to plaintiffs' premises, then you have a right to take this fact into consideration in determining the question whether the defendants have caused any subsidence of the surface of plaintiffs' land, as alleged in plaintiffs' declaration, or one count thereof, if you believe from the evidence there has been any subsidence in such surface.

"The court instructs the jury that the plaintiffs must prove their case by a preponderance of the evidence, and if you believe, from the evidence, that the plaintiffs have failed to prove every material allegation of their declaration, by a preponderance of the evidence, or if you find that the evidence on the material issues in this cause are equally balanced, then you must find the defendants not guilty."

The instruction first above quoted contains all the vices of that class of instructions so often condemned by the courts of this State.  It singles out particular facts from the other facts in evidence and specially directs the attention of the jury to them.  This instruction bore upon a close and controverted issue of fact in the case and it was equally as important in an honest effort to arrive at a just verdict that the jury should take each and every other pertinent fact in evidence "into consideration in determining the question whether the defendants have caused any subsidence of the surface of plaintiffs' land," as it was to take the facts particularly singled out in this instruction.  All the evidence admitted, bearing upon that issue, was admitted for the consideration of the jury, and it was error to make any detached portion of it or to make any fact which

3

any detached portion of it might tend to prove, more prominent than any other part of the evidence, or other pertinent fact. This instruction gave undue prominence to the facts specified, and magnified their importance, and tended to divert the minds of the jury from the main issue.

Counsel suggest in support of this instruction that: "While it is a well-settled and long-established rule that an instruction should not single out and call attention of the jury to one alleged fact more than another, yet this rule is subject to another one, that each party is entitled to an instruction hypothetically outlining the evidence and state of the case upon which he relies for obtaining a verdict, and directing the jury to find for the party in whose favor they find the facts constituting the cause of action or the defense," and cite: Chicago City Ry. Co. v. Math, 114 Ill. App., 353, and West Chicago Street Ry. Co. v. Dougherty, 170 Ill., 379. The instruction in the case at bar is not of the class of instructions discussed in either of the cases cited. It does not hypothetically outline either the evidence or the facts of a full defense and direct the jury to find in favor of the defendants in case they find the hypothesis proven by the evidence, as in Chicago City Ry. Co. v. Math, *supra.* What it does is to unduly emphasize one feature of a supposed defense. And the case of West Chicago Street Ry. Co. v. Dougherty, *supra,* simply repeats the old rule that "the jury should consider depositions read in evidence, in the same manner as if the witnesses had been present and testified in the case."

The second instruction above quoted is materially erroneous in two respects. The declaration contained five counts, and this instruction tells the jury, in effect, that they would not be justified in finding a verdict in favor of the plaintiffs unless they had proven every material allegation in all the counts of their declaration. And it left it for the jury to decide what allegations in the declaration were material. It is for the court, and not the jury, to determine what allegations of a declaration are material. Davie v. Cobb, 11 Ill. App., 587; I. C. R. R. Co. v. Hicks, 122 Ill. App.,

349; T., St. L. & K. C. R. R. Co. v. Bailey, 145 Ill., 159; Baker and Reddick v. Summers, 201 Ill., 52. In the last cited case the court, by Mr. Justice Cartwright, says: "Where a jury are not only referred to the declaration to determine the issues, but are instructed to find a verdict for the plaintiff if the material allegations of the declaration are proved, they are left to decide, as matter of law, what are material allegations, and might conclude that some allegation essential and material in the law was not material or necessary to be proven to justify a recovery." To which we add, and might conclude, that some allegation or statement wholly unessential and immaterial in law was most material and necessary to be proved to justify a recovery.

The judgment of the trial court in this case ordered the issuance of an execution against appellant, a public school district. If it were not necessary to reverse the judgment for errors intervening prior to the rendition of the judgment, we might correct that error by entering the proper judgment in this court.

We find no material error in this record other than the errors above noted.

For and on account of the errors in this opinion noted, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*