THE CITY OF AURORA

*v.*

MARY DALE.

1. NEGLIGENCE—*contributory.* Where the plaintiff seeking to recover for a personal injury sustained from a fall by stepping into a hole in a sidewalk, knew of the defect in the walk, and was watching to observe it, but it being covered with snow, and a snow storm prevailing at the time, with a high wind, driving the snow in her face so that she did not discover it until she stepped into the hole, and it appearing that the other walks leading in the direction of her home were equally unsafe, it was *held,* that she was not guilty of such negligence as would preclude a right of recovery for the injury.

2. NOTICE—*when city liable for injury from defective sidewalk.* Where a sidewalk becomes out of repair and dangerous, and the city authorities have actual notice, or could have had notice of that fact in time to have repaired the same before a person is injured in consequence of the defect, without negligence on his part, the city will be liable for the injury.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. A. J. HOPKINS, for the appellant.

Mr. CHARLES WHEATON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by Mary Dale against the city of Aurora, to recover for personal injuries which she received in consequence of a defective sidewalk in the city, over which she was passing. At the place where the accident occurred a board was missing, which was not observed by her until she stepped in the hole, which caused her to fall, by which she sustained a severe fracture of a bone of her arm. The injury was a severe one, and rendered her incapable, for the time being, of following her usual avocation, which was that of a nurse. It is conceded the damages found are not too high, if plaintiff is entitled to recover at all.

It is said the accident to plaintiff was occasioned by her own negligence, but we can not concur in that view of the case. The testimony offered by plaintiff shows she was observing due care for her personal safety. A snow storm was prevailing at the time, with a high wind, driving the snow in her face, and although she knew of the defect in the walk and was intent on discovering it to avoid danger, she was not able to see it in time to avert the accident. The hole in the walk was covered with snow that had drifted in places, so that it was not observed by her, notwithstanding she was watching for it. That is her account of the accident, and certainly it was the province of the jury to judge of the credibility of the testimony. On the hypothesis her testimony was true, and the jury have found it was, she was guilty of no negligence whatever, but was unusually cautious, and made every reasonable effort to avoid the danger that she knew existed in her way. According to the testimony, the sidewalk on any other

street leading in the direction of her home was as bad as the one on which she was traveling, and it was not incumbent upon her to seek another way; it might have been equally dangerous to her.

Another objection urged is, the city had no notice of the defect in the sidewalk. Whether the city authorities had any actual notice of the dangerous condition of the walk at that particular place, is not definitely proved, but it is proved it had been out of repair so long, they might, by the exercise of reasonable diligence, have known its condition. Others did know it, and there is no reason why the city officers did not know the condition of the walk where the accident to plaintiff occurred. The law is, as has been frequently declared by this court, that where a sidewalk has been properly constructed with reference to the safety of persons using it, and, through long use or natural decay, has become unsafe, before a party can recover for injuries sustained in consequence thereof, it must be made to appear the corporate authorities knew or could have known, by the exercise of reasonable diligence, its unsafe condition, and sufficient time must have elapsed after notice in which to make the repairs. The evidence in this case brings it within the rule declared. The place where plaintiff was injured was a public street in a frequented part of the city, where persons were constantly passing and repassing every day, and it seems incredible the city officers did not know the condition of the sidewalk in that locality. But whether they had actual notice or not, by the exercise of reasonable diligence the city authorities might have known of the condition of the walk in time to have repaired it before the accident, and that is sufficient to fix the liability of the city. There is an abundance of evidence to sustain the finding of this fact in the case, and it must be regarded as conclusive.

It is insisted the verdict is against the weight of the evidence, and the principal reason urged is, that plaintiff was not injured at the place mentioned in the declaration. On this question in the case the evidence is quite conflicting. Of

course it was the province of the jury to reconcile it as well as they could, and with the conclusion reached we see no reason to be dissatisfied. Our opinion is, the weight of the evidence is with the finding of the jury as to the place of the accident.

The instructions given on behalf of plaintiff and defendant are far more numerous than the nature of the case demanded or required. Only a few elementary principles of law were applicable to the facts of the case, and these might have been expressed in a few concise propositions. More than that only tended to confuse the jury. On looking into the instructions given, we find they are quite liberal to the theory of the defense. Whatever was contained in the refused instructions pertinent to the case seems to have been embraced in those given, and the court was right in refusing to give the same a second time. On that score defendant has no just ground for complaint.

No material error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*