# The Village of Clayton

*v.*

# Louisa W. Brooks.

*Filed at Springfield April 2, 1894.*

| | |
|---|---|
| 150 | 97 |
| 59a | 545 |
| 59a | 677 |
| 150 | 97 |
| 65a | 421 |
| 150 | 97 |
| 67a | 360 |
| 67a | 409 |
| 68a | 259 |
| 150 | 97 |
| 73a | 575 |
| 75a | 179 |
| 150 | 97 |
| 78a | 577 |
| 150 | 97 |
| 83a | 57 |
| 150 | 97 |
| 184 | 305 |
| 150 | 97 |
| d95a | 4627 |
| 150 | 97 |
| 97a | 5199 |
| 97a | 5200 |
| 150 | 97 |
| 113a | 4615 |
| 113a | 1616 |

1. Negligence—*what constitutes contributory negligence.* Contributory negligence is nothing more or less than negligence on the part of the plaintiff, and the rules of law applicable to negligence in a defendant are applicable thereto. In general, the question of negligence is one of fact. Hence an instruction is properly refused which tells the jury, as a matter of law, that certain facts *per se* constitute negligence. Knowledge of a defect in a sidewalk by a person injured, before he goes upon the same, or before the injury, does not *per se* establish negligence on his part.

2. While one may voluntarily and unnecessarily expose himself or his property to danger without thereby becoming guilty of contributory negligence, as a matter of law, yet it is an established rule that when one does knowingly put himself or his property in danger there is a presumption that he, *ipso facto*, assumes all the risks reasonably to be apprehended from such a course of conduct. But knowledge in this respect does not necessarily constitute contributory negligence. One may exercise due care with full knowledge of the danger to which he is exposed or to which he may lawfully expose himself.

3. The mere fact that a traveler is familiar with a road or sidewalk, and knows of a defect therein, will not impose on him the duty to exercise more than ordinary care in avoiding it. Such knowledge is a circumstance, but it should be submitted, with the other facts of the case, to a jury, for them to determine whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury. But the mere fact that the obstructed or defective street was out of the way of the point at which the traveler was arriving, or that he might have taken a nearer way, is immaterial, as it is the duty of the town to repair all of its sidewalks.

4. Same—*notice of danger—evidence of negligence.* The exposure of person or property to injury with knowledge of the danger to which the same is exposed, is evidence of negligence, as a matter of fact. Therefore, if a person attempts to pass over a sidewalk, bridge or other structure, knowing the same to be in a dangerous condition, and in such attempt receives injury, his knowledge of the danger will presumptively establish contributory negligence. But such presumption

is not conclusive. It may be rebutted by evidence of the exercise of ordinary care under the circumstances of the particular case.

5. Contributory negligence is not shown by proof that after knowing the condition of the street the plaintiff traveled on it after dark; and the fact that a traveler on a highway perceives that an obstacle therein is dangerous to persons attempting to pass it, is not conclusive that he does not use due care in making the attempt. Nor does the mere fact that the plaintiff might have taken better and safer sidewalks than the one he did take, charge him with want of ordinary care.

6. In an action against a village for a personal injury resulting from a hole in a sidewalk, one of the ultimate facts for the jury is, was the plaintiff guilty of contributory negligence. And the fact that he or she returned home in the night time over the defective sidewalk, with knowledge of its unsafe condition, is a circumstance proper to be shown, as tending to establish such negligence. It is an evidentiary fact proper to go to the jury, as having a tendency to prove the ultimate fact in question.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. WILLIAM McFADON, for the appellant:

The appellee was herself guilty of and brought the injury upon herself by her own contributory negligence, for it is apparent that by the exercise of ordinary care she could have gone around the hole without leaving the sidewalk, or had she provided herself with a light, she could have stepped over it or gone around it. *Indianapolis* v. *Cook,* 99 Ind. 13; *Schaefer* v. *Sandusky,* 33 Ohio St. 249; *Barnum* v. *Concord,* 2 N. H. 392; *Barker* v. *Covington,* 69 id. 36; *Fulsom* v. *Underhill,* 36 Vt. 531; *Earville* v. *Carter,* 6 Bradw. 422; *Aurora* v. *Brown,* 12 id. 130; *Chicago* v. *Bixby,* 84 Ill. 82; *Centralia* v. *Krouse,* 64 id. 19; *Mt. Vernon* v. *Dusenchett,* 2 Carter, 587.

Appellee was not in the exercise of that degree of care which she must show as a condition precedent to a recovery. *Aurora* v. *Brown, supra; Momence* v. *Kendall,* 14 Bradw. 232; *Railroad Co.* v. *Green,* 81 Ill. 20; *Railroad Co.* v. *Becker,* 76 id. 27.

If the plaintiff, knowing, as she did, the existence of the defects in the walk, and that the walk was thereby made dangerous, chose to pass over it late at night, and when it was so dark that she could not see holes in it, she took the risk upon herself, and can not recover for her injury in so doing. *Farnum* v. *Concord,* 2 N. H. 292; *Horton* v. *Ipswich,* 12 Cush. 488; *Wilson* v. *Charleston,* 8 Allen, 138; *Barker* v. *Covington,* 69 Ind. 36; *Indianapolis* v. *Cook,* 99 id. 13.

In view of the fact that the defect in the sidewalk was a visible one, and that the plaintiff had long known the same, and could have reached her home by another sidewalk on another street said by witnesses to have been safe, the eleventh instruction given for plaintiff was erroneous, in telling the jury that if Jefferson street was a public street in Clayton, and that there was a sidewalk on such street maintained by the village for the use of persons on foot, the plaintiff had a right, at the time of the injury, to pass over said walk on foot, if only plaintiff was exercising ordinary care for her own safety in passing over the walk, and the defendant was guilty of negligence, as alleged in the declaration. *Lovenguth* v. *Bloomington,* 71 Ill. 240; *Centralia* v. *Krouse,* 64 id. 19; *Railway Co.* v. *Taylor,* 104 Pa. St. 314.

The instruction is also bad in utterly ignoring the question of whether appellee was negligent in entering upon the walk on which she was injured, and in permitting a recovery, if only, at the time of her injury, she was in the exercise of ordinary care for her own safety. *Railway Co.* v. *Clark,* 2 Bradw. 123, and cases cited; *Railroad Co.* v. *Weldon,* 52 Ill. 290; *Centralia* v. *Krouse,* 64 id. 19; *Horton* v. *Ipswich,* 12 Cush. 488; *Railway Co.* v. *Taylor,* 104 Pa. St. 314.

The defendant was only bound to keep its sidewalks in a reasonably safe condition for persons on foot using the same who were themselves in the exercise of ordinary care for their own safety. *Aurora* v. *Pulfer,* 56 Ill. 276; *Chicago* v. *McGiven,*

78 id. 347; *Chicago* v. *Bixby,* 84 id. 82; *Peoria* v. *Simpson,* 110 id. 294.

It is a well-defined principle of law, that where there is danger, and the peril is known, a man can not be regarded as exercising ordinary care if he encounters it unnecessarily; and hence in this case, the question being, did the appellee unnecessarily encounter danger, the inquiry is as to the existence of other safe ways, — not the appellee's knowledge thereof. *Schaefer* v. *Sandusky,* 33 Ohio St. 249; *Filliam* v. *Muscatine,* 70 Iowa, 862; *Parkhill* v. *Brighton,* 61 id. 103; *McKentry* v. *Keokuk,* 66 id. 725; *Centralia* v. *Krouse,* 64 Ill. 23; *Momence* v. *Kendall,* 14 Bradw. 232; *President* v. *Carter,* 6 id. 41.

Mr. H. M. SWOPE, and Messrs. CARTER & GOVERT, for the appellee:

Appellee was not guilty of such negligence as would preclude a recovery simply because she went upon the sidewalk after she knew it was defective or dangerous. *Aurora* v. *Dale,* 90 Ill. 47; *Bloomington* v. *Chamberlain,* 104 id. 273; *Joliet* v. *Conway,* 17 Bradw. 577; *Ellis* v. *Peru,* 23 id. 35; *Lovenguth* v. *Bloomington,* 71 Ill. 240; *Osborne* v. *Detroit,* 32 Fed. Rep. 39.

Whether or not appellee was in the exercise of ordinary care for her own safety, under all the circumstances, is a question of fact for the jury. *Railroad Co.* v. *Hutchinson,* 120 Ill. 587; *Railroad Co.* v. *Bonifield,* 104 id. 225; *Chicago* v. *Keefe,* 114 id. 228; *Pennsylvania Co.* v. *Frana,* 112 id. 398; *Lovenguth* v. *Bloomington,* 71 id. 238; *Mechanicsburg* v. *Meredith,* 54 id. 84; *Pomfrey* v. *Village,* 104 N. Y. 459.

It was not appellee's absolute duty to get medical aid at once, but must use ordinary care, only. *Elgin* v. *Riordan,* 21 Bradw. 600; *Railway Co.* v. *Eddy,* 72 Ill. 140.

The fact that appellee did not go out into the street, and around the defective walk, does not show such a want of care on her part as to preclude a recovery. *Aurora* v. *Dale,* 90 Ill.

47; *Bloomington* v. *Chamberlain*, 104 id. 268; *Ellis* v. *Peru,* 23 Bradw. 35.

The question of contributory negligence is for the jury. *Frost* v. *Waltham*, 12 Allen, 85; *Rindge* v. *Colrain*, 11 Gray, 157; *Whitaker* v. *West Boylston*, 97 Mass. 273; *Pollard* v. *Woburn*, 104 id. 84; *Humphreys* v. *County*, 56 Pa. St. 204; *Weed* v. *Ballston Spa*, 66 N. Y. 329; *Wheeler* v. *Westport*, 30 Wis. 392.

Per CURIAM: On the night of July 22, 1886, between the hours of nine and ten o'clock, appellee, while returning to her home in the village of Clayton, and while passing over the sidewalk along Jefferson street, one of the streets of that village, stepped into a hole in the sidewalk, in consequence of which she fell and received severe personal injury. It appears from her testimony that she knew of the defect in the sidewalk three or four weeks before the accident, and that when she left the lodge building, where she had been for the evening, it was too dark to see or distinguish anything on the sidewalk,—that the night was a dark and cloudy one. There were no lights on the street or from adjacent buildings, or otherwise, at the place of the accident. The streets were dry. Appellee's nearest and most direct route from the lodge room to her residence was over this sidewalk. The hole in the walk was not a large one. She could have gone by another route in safety, which, however, was nearly two blocks farther. Appellee brought an action on the case against the village to recover damages, which it is claimed resulted from such injury. On the trial a verdict finding the defendant guilty, and assessing appellee's damages at $4800, was rendered. The court required the appellee to remit the damage above $2500, and rendered judgment for that sum. On appeal to the Appellate Court that judgment was affirmed, and the village, by its further appeal, brings the case to this court.

The affirmance of the judgment of the circuit court is a determination of all controverted questions of fact against appellant, and is conclusive upon us. The controlling controverted questions of fact were, whether appellant was guilty of negligence in permitting the sidewalk, at the place where the injury occurred, to be and remain out of repair, and whether appellee exercised ordinary care for her personal safety. We can, therefore, only consider the rulings of the trial court in respect of the instructions given, modified or refused, and the admissibility of evidence.

It was contended by the defendant that the plaintiff was guilty of such contributory negligence in passing over the walk on Jefferson street, with a knowledge of the defect therein, when by taking another walk, or going out into the street around the defect, she might have reached her destination by a safe route, though somewhat longer, as would preclude a recovery by her. Upon this point several instructions are asked on both sides, the propriety of the ruling of the court in respect whereof is called in question.

By the eleventh instruction given at the instance of plaintiff, the jury were instructed, that if they believed, from the evidence, "that Jefferson street, in the village of Clayton, was a public street of said village, opened and used by the public as a public highway or street, and that there was on such street a sidewalk maintained by the village for the use of the public while traveling on foot, then the plaintiff had the right, at the time in question, to pass over said walk on foot, and the fact that she knew there was a defect in the sidewalk should not, of itself, deprive her of a right to recover in this case, if the jury believe, from the evidence, that the defendant is guilty as alleged in the declaration, and that plaintiff was, at the time, in the exercise of ordinary care and prudence for her own safety."

The court also gave for plaintiff an instruction marked "A," as follows:

"The court instructs the jury, that even if they believe, from the evidence, that there was at the time, on the 22d of July, 1886, a safer walk for the plaintiff to return to her home on other streets than the one taken by her, still, unless the jury believe, from the evidence, that the plaintiff, at the time, knew that such other walk on such other streets was a safer one than the one taken by her, then she was under no obligation to take such other walk to her home."

The defendant asked instruction numbered 12½, without the words enclosed in brackets, as follows:

"Although the jury may believe, from the evidence, that the plaintiff, on the night of July 22, 1886, was injured by stepping into a hole in a sidewalk on Jefferson street, in the village of Clayton, yet if the jury further believe, from the evidence, that the plaintiff's said injury was received by her while going home from a lodge meeting in the night aforesaid, and between nine and ten o'clock at night, and that said night was dark and cloudy, and if the jury further believe, from the evidence, that for some time prior to receiving said injury the plaintiff knew of the existence of said hole, and that said sidewalk at and about the place where she was injured was dangerous for persons going over it on foot, [in the night and darkness,] and if the jury further believe, from the evidence, that the plaintiff could [safely] have gone to her home from the building in which said lodge meeting was, by some other walk, [and knew that she could so go home safely by such other walk,] and that considering the hour and darkness of the night, [and that said sidewalk was dangerous, and all other facts and circumstances in evidence,] the exercise of ordinary care and prudence on the part of the plaintiff would have required her to have gone home from such lodge building by said other sidewalk, the jury are instructed that plaintiff did not herself exercise the degree of care and caution for her safety required by law, and the verdict of the jury in this case should be for the defendant."

The court refused the instruction as asked, and modified the same by inserting the words enclosed in brackets, and gave the same as modified.

Defendant also asked the court to give instruction No. 13, which the court refused to give as asked, but modified the same by inserting at the star the words, "and knew that she could safely go around and avoid the hole," and by striking out the words in brackets, and inserting in lieu thereof the words: "You should take these facts into consideration in passing upon the question whether, at the time of the alleged injury, the plaintiff was using reasonable and ordinary prudence and caution for her own safety," and gave the same as modified. The instruction as asked was as follows:

"Even if the jury believe, from the evidence, that the plaintiff was injured by stepping into a hole in a sidewalk on Jefferson street, in the village of Clayton, defendant, on the night of July 22, 1886, yet if you further believe, from the evidence, that the plaintiff, for some time prior to receiving her said injury, had known of the existence of said hole, and that said sidewalk was thereby rendered dangerous, and that said hole was plainly visible in the daylight to the sight, then the court further instructs you, that if you further believe, from the evidence, that after entering upon said sidewalk, and before reaching the said hole, the plaintiff safely, and without material inconvenience to herself, could have left said sidewalk, and by means of and on the street there being could have gone around said hole and avoided the same,* and that she did not do so, then the court instructs you that [the plaintiff herself was guilty of such negligence that she can not recover in this case, and their verdict must be for the defendant.]"

The defendant also asked the court to give other instructions, which the court refused.

The ruling of the court upon these instructions given, modified and refused, presents the question whether a party receiving a personal injury while passing over a defective

sidewalk, with knowledge of its true condition, is guilty of negligence contributing to the injury received, as a matter of law. The exposure of person or property to injury with knowledge of the danger to which the same is exposed, is undoubtedly evidence of negligence as a matter of fact. Therefore, if a person attempts to pass over a sidewalk, bridge or other structure, knowing the same to be in a dangerous condition, and in such attempt receives injury, his knowledge of the danger will presumptively establish contributory negligence. But such presumption is not conclusive. It is disputable, and may be rebutted by evidence of the exercise of ordinary care under the circumstances of the particular case. (Beach on Contributory Negligence, 40.) Contributory negligence is nothing more or less than negligence on the part of the plaintiff, and the rules of law applicable to negligence of a defendant are applicable thereto, (Beach on Contributory Negligence, sec. 161,) and, in general, the question of negligence is one of fact. Ibid. sec. 162; Merrill on City Negligence, 238; *Niven* v. *Rochester,* 76 N. Y. 619; *Fassett* v. *Roxbury,* 55 Vt. 552; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 Ill. 586; *Missouri Furnace Co.* v. *Abend,* 107 id. 44; *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 id. 216; *Chicago and Alton Railroad Co.* v. *Bonifield,* 104 id. 223. Hence an instruction is properly refused which tells the jury, as a matter of law, that certain facts *per se* constitute negligence. *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93; *Schmidt* v. *Chicago and Northwestern Railway Co.* 83 id. 405.

The law is, we think, well settled, that knowledge of the defect in the sidewalk, by the person injured, before he goes upon the same or before the injury, does not *per se* establish negligence upon his part. *Evans* v. *Utica,* 69 N. Y. 166; *Bassett* v. *Fish,* 76 id. 303; *Weed* v. *Ballston Spa,* id. 329; *Bullock* v. *New York,* 99 id. 654; *Montgomery* v. *Wright,* 72 Ala. 411; *Aurora* v. *Dale,* 90 Ill. 46; *Aurora* v. *Hillman,*

id. 65; *Osage City* v. *Brown*, 27 Kan. 74; *Dwire* v. *Bailey*, 131 Mass. 169; *McKenzie* v. *Northfield,* 30 Minn. 456; *Kenworthy* v. *Ironton*, 41 Wis. 647. The same rule is stated in the text books. Beach on Contributory Negligence (pp. 39, 40,) says: "While it is unquestionably true that one may voluntarily and unnecessarily expose himself or his property to danger without thereby becoming guilty of contributory negligence, as a matter of law, it is nevertheless an established rule that where one does knowingly put himself or his property in danger, there is a presumption that he, *ipso facto*, assumes all the risks reasonably to be apprehended from such a course of conduct. * * * Knowledge, however, in this respect, does not necessarily constitute contributory negligence. It is plain that one may exercise due care with full knowledge of the danger to which he is exposed or to which he lawfully exposes himself. This certainly is not contributory negligence." In Shearman and Redfield (sec. 376) it is said: "The mere fact that a traveler is familiar with the road, and knows of the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it. * * * Such knowledge is a circumstance, and perhaps a strong one, but it should be submitted, with the other facts of the case, to a jury, for them to determine, whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury. * * * But the mere fact that the obstructed street was out of the way of the point at which the traveler was aiming, or that he might have taken a nearer way, is immaterial, as it is the duty of the town to repair all the streets." See, also, *Erie* v. *Schwingle*, 22 Pa. St. 384; *Whittaker* v. *West Boylston*, 97 Mass. 273; Merrill on City Negligence, 139.

Contributory negligence is not shown by proof that after knowing the condition of the street the plaintiff traveled on it

after dark: (*Maltby* v. *Leavenworth,* 28 Kan. 745.) The fact that a traveler on a highway perceives that an obstacle therein is dangerous to persons attempting to pass it, is not conclusive that he does not use due care in making the attempt. (*Mahoney* v. *Mat. Railroad Co.* 104 Mass. 73; *Lyman* v. *Amherst,* 107 id. 339.) And this court has said, that traveling upon a sidewalk, by one having knowledge of dangerous defects therein, does not necessarily constitute negligence. (*Aurora* v. *Dale,* 90 Ill. 46.) That case was in many respects similar to the one at bar. So also in *Aurora* v. *Hillman, supra,* it was said: "Nor does the mere fact that plaintiff might have taken better and safer sidewalks than the one he did take, charge him with want of ordinary care."

The ultimate fact submitted to the jury in this case, in respect of the matter under consideration, was, whether the plaintiff was guilty of contributory negligence, and the fact that she returned home over the defective sidewalk, with knowledge of its unsafe condition, was a circumstance proper to be shown, as tending to establish such negligence. It was an evidentiary fact, and as such was properly allowed to go to the jury, as having a tendency to prove the ultimate fact in question. It was properly submitted, with all the other evidence illustrating the same question. The evidence shows that the route taken was her usual and most direct one to her home; that the night was dark, so that it was impossible to see the defect, and that owing to the darkness she failed to discover it in time to avert the injury. She testifies to the care she exercised. It was not her fault that the street was not lighted or that the sidewalk was unsafe. The hole in the walk was at one side, was small, and not easily discovered in the dark, and she might reasonably have expected to pass the same in safety. It can not be said, under the facts shown, that she acted recklessly or without due care. But be that as it may, the jury, upon full consideration, have found that

she exercised ordinary care, and that finding having been affirmed by the Appellate Court is conclusive upon that question of fact.

While it can not be material, in view of the authorities, it may be said there is no evidence that the plaintiff knew that the other route, which it is claimed she could have taken, was a safer one. The route she took was the one ordinarily used by her in going into the business part of the village and returning to her residence. It is not shown that she was familiar with the other route, and it can not be regarded as want of care that she should choose, in the night, the sidewalk with which she was familiar, rather than the other. The law casts no obligation upon her to know, as a matter of fact, that the other route to her home was more safe than the one she chose.

Various objections are urged to other instructions given for plaintiff. No good purpose can be subserved by an extended examination of these instructions *seriatim*. We have considered them, and find no substantial error. Taken as a whole, the instructions given state the law with substantial accuracy. The court, at the instance of the defendant, gave seventeen instructions as asked, and modified two and gave them as modified, and refused fifteen. There was no substantial error in the modification, and in respect of the instructions refused, it is enough to say that so much of them as was proper to be given was embraced in those given.

There was no error in the admission or rejection of testimony that could affect the result.

Finding no substantial error, the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting.