## City of Waverly v. Helen M. Henry.

1. ORDINARY CARE—*What Does Not Conclusively Establish Want of.*—The fact that a person continued to travel upon a sidewalk after discovering it to be in a defective condition, does not *per se* establish negligence, nor does the fact that a safer and better walk might have been taken, conclusively charge such person with want of ordinary care.

2. INSTRUCTIONS—*Should Not Give Prominence to Inconclusive Facts.*
—It is improper to give an instruction which gives prominence to an
inconclusive and evidentiary fact.

**Trespass on the Case,** for personal injuries. Appeal from the Cir-
cuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presid-
ing. Heard in this court at the May term, 1896. Affirmed. Opinion
filed November 21, 1896.

E. ETTER and JOHN A. BELLATTI, attorneys for appellant.

WM. A. CRAWLEY, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF
THE COURT.

Appellee, while passing along a sidewalk in the appellant
city, was tripped by a loose plank in the walk, thrown to
the ground and injured.

She secured judgment and the city appealed. It is con-
ceded the walk was defective, but it is urged it appeared
from the testimony appellee was guilty of contributory
negligence. She did not reside in Waverly; had not been
on the walk before and did not know it was defective be-
fore she went upon it. She was accompanied by her step-
son and it is contended she submitted to his guidance and
control as to the route they should take. He knew the
walk was, in a general way, unsafe, and also knew they
could, without inconvenience, reach their destination by a
safer walk. It is urged he did not exercise ordinary care
in going on the walk, that his negligence is to be imputed to
her, and that she discovered, after they had proceeded a short
distance on the walk, it was not safe, and was guilty of neg-
ligence in not leaving it.

Imputable negligence was not interposed, by instructions
or otherwise, as a defense in the trial court.

There appears no reason why we should permit it to be
raised for the first time in this court, and if there is, we see
no ground upon which it can be successfully invoked.

The fact that plaintiff continued to travel upon the side-

walk, after she discovered the defective condition thereof, did not *per se* establish negligence, nor did the fact a better and safer walk might have been taken, conclusively charge her with want of ordinary care.   Clayton v. Brooks, 150 Ill. 97;  Village of Cullom v. Justice, 161 Ill. 372.

These were evidentiary facts proper for consideration, together with all other circumstances proven in the case, in determining the ultimate fact, which was whether the plaintiff used ordinary care for her own safety.   Clayton v. Brooks, *supra*.

The principle sought to be announced in instructions Nos. 2, 8 and 9, which were refused, was clearly declared in Nos. 1, 2, 3 and 4, which were given.   Instruction No. 10 directed the attention of the jury to a mere evidentiary fact as being proper for their consideration in arriving at a conclusion as to whether plaintiff exercised due care.

The purpose most likely to be served by such an instruction is to create in the minds of the jury the belief the court regarded the fact thus singled out as entitled to special consideration and great weight.

This is to invade the province of the jury.   An instruction which gives prominence to an inconclusive fact should be refused.   Instructions 11, 12, 13, 14 and 15, were based upon the theory facts therein set forth precluded recovery.   The case of Clayton v. Brooks, *supra*, is authority such facts are evidentiary merely, and therefore the court properly refused them.

The jury were properly instructed.   The evidence presented fairly a question of fact whether plaintiff had exercised due care.

There is no ground upon which we should assume to declare the verdict was manifestly wrong.   The judgment is affirmed.