## Village of Lockport v. Christoph Licht.

### Gen. No. 4,301.

1.   CONTRIBUTORY NEGLIGENCE—*when presumption of, arises as against one driving upon street in bad condition.*   Where such a person was familiar with all the conditions of such a street and knew the danger of attempting to drive upon it and had driven thereon before, it is incumbent upon him, in the event of injury, to overcome the presumption of contributory negligence arising from his conduct in exposing himself to such known danger.

2.   CONTRIBUTORY NEGLIGENCE—*what does not establish, as a matter of law.*   Mere knowledge of the defects of a street or sidewalk will not, as a matter of law, defeat a recovery by an injured person who is himself free from negligence; but where such a person exposes himself to a known danger and is injured thereby, his injury is presumptive evidence of negligence upon his part.

3.   STREET—*when duty to provide barricades for, does not exist.*   Where a public street is in a dangerous condition, a failure to provide barricades therefor does not confer a right of action in favor of an injured party who knew the exact character and location of the dangerous condition and voluntarily goes into such danger.

Action on the case for personal injuries.   Appeal from the Circuit Court of Will County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1903.   Reversed and remanded.   Opinion filed April 14, 1904.

FRED W. WALTER and DONAHOE & McNAUGHTON, for appellant.

J. W. DOWNEY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellee was a driver of a beer wagon drawn by two horses; he had to deliver beer to Miller's saloon on State

street in the village of Lockport. State street runs north and south and is about 100 feet wide; Miller's place is the third house on the west side of State street south of Ninth street, which crosses State street at right angles. State street had a single line of street railroad track in the center. Permission had been granted the street railway company to build another track in this street and the work of putting in this additional track had been in progress several weeks before the day of the accident. Excavating had been done between Ninth and Tenth streets and the earth was thrown up in a pile west of the line of track. This ridge of earth made a slope from the top of the dump, which was from four to seven feet high, towards the west side of the street. The village maintained a sidewalk on the west side of State street and an open gutter made of stone, and outside of the gutter in the street was an electric light pole which had been there for many years. Along the slope of this embankment was a pass-way sufficiently wide for wagons and teams to pass. On the 25th day of May, 1901, about 7:30 A. M., appellee was driving north on the west side of State street, when, upon attempting to pass the electric light pole, the end of a beer barrel caught on the pole, the other end of which struck appellee in the back, knocking him off his seat, and he fell to the ground and the left front wheel of the wagon ran over his hand, crushing and injuring it seriously; he was dragged by the team some distance, by means of which he was otherwise injured. He brought suit against the village of Lockport and the Chicago & Joliet Electric Railway Company, but after the evidence was all heard the trial court directed a verdict for the defendant as to the Chicago & Joliet Electric Railway Company. A verdict was rendered against the village of Lockport for $4,000 upon which judgment was rendered, and the village appeals.

The evidence in this case shows that the street, at the place of the accident, was in a condition that it could only be used with difficulty on the west side of the street car line. The earth from the excavation was thrown up in a

ridge and this embankment occupied considerable portion of the open space of the street on the west side of the car line, and persons in driving teams along State street were compelled to drive on the slope made by the west face of this embankment. In passing north along this dump the east and right wheels of the wagon would be from one foot to eighteen inches higher than the left wheels. At the point where the electric light pole stood, the passage was so narrow that it required very careful driving to clear the pole and at the same time avoid getting the wheels on the opposite side so high up on the dump as to cause the wagon to tip over.

The evidence shows that appellee had been in the habit of driving over this same place four or five times a week since the obstruction had been there. He had been over the same route the day before with a load of beer similar to the one he had the day of the accident. Appellee was very familiar with all the conditions of this street and knew the danger of attempting to drive over it. He testified that he saw the road on the day of the accident and the day before, and says it was in the same condition on both days except it may have been some dryer and smoother on the day of the accident; he also saw the electric light pole and knew where it stood. Under this state of the proof appellee must overcome the presumption of contributory negligence arising from his conduct in exposing himself to danger with full knowledge of the danger to which he exposed himself.

In Village of Clayton v. Brooks, 150 Ill. 97, it is said : " The exposure of person or property to injury with knowledge of the danger to which it is exposed, is undoubtedly evidence of negligence as a matter of fact. Therefore, if a person attempts to pass over a sidewalk, bridge or other structure knowing the same to be in a dangerous condition, and in such attempt receives injury, his knowledge of the danger will presumptively establish contributory negligence. But such presumption is not conclusive. It is disputable and may be rebutted by evidence of the exercise of

ordinary care under the circumstances of the particular case."

In the case at bar the appellee has wholly failed to show that he was in the exercise of such care as a reasonably prudent man would have exercised under like circumstances. Appellee was a witness in his own behalf and gives his version of how the accident happened. He says the wagon slipped on the side of the dump and came in contact with the electric light pole, but what caused the slip, and why the slip happened just at the point opposite the pole is not explained. It is not shown what care, if any, appellee used in selecting the way over which he sought to pass the pole. He had often passed it safely with similar loads on his wagon. So there must have been a way of going through that place without colliding with the electric light pole. What gait the team was going is not shown. It is impossible to say from this record whether appellee had his team well in hand and driving slowly and carefully, or whether he was going at a full trot, or listlessly and carelessly allowing the team to jog at pleasure. In other words, since the knowledge of appellee of the dangerous and partially obstructed condition of the street over which he sought to drive is a fact from which a presumption of contributory negligence arises, as a matter of fact, the burden is thrown upon him to overcome this presumption by proof that he used such care as an ordinary prudent man would use who was alike familiar with conditions, and under the other circumstances of the case. Mere knowledge of the defects in a street or sidewalk will not, as a matter of law, defeat a recovery by an injured person, who is himself free from negligence. Aurora v. Dale, 90 Ill. 46; Aurora v. Hillman, 90 Ill. 65; Village of Clayton v. Brooks, *supra*. But it is equally well settled that where one exposes himself to a known danger and is injured thereby, his knowledge is presumptive evidence of negligence on his part. To sustain a recovery in such case, the injured party must offer proof sufficient to overcome the presumption raised by the fact of such knowl-

edge on his part, and to show that he was free from contributory negligence, notwithstanding this knowledge. See authorities above cited, and Illinois Central Railroad Company v. Anderson, 184 Ill. 294. In the case before us the evidence fails to meet the above requirements, and the jury were not warranted in finding that appellee was in the exercise of reasonable care for his own safety, in view of the admitted fact that he had full knowledge of the dangerous condition of the street.

Instruction number two given for appellee is open to criticism in so far as it assumes to tell the jury that if the street in question was out of repair, and had been for a sufficient length of time for the village authorities, in the exercise of reasonable diligence, to have provided safeguards to prevent injuries to persons while driving along the street in the exercise of ordinary care, and had failed to do so, the village would be liable. What the jury may have understood as the duty of the village authorities in respect to providing safeguards to prevent injuries to persons driving along said street, it is difficult to say. There is no duty in regard to supplying safeguards alleged in the declaration, and no duty exists by virtue of any statute or by the common law to provide safeguards to prevent injuries to persons driving along a street of a city or village, unless the duty to keep the streets in a reasonably safe condition can be so described. It is true that when dangerous pitfalls or obstructions are necessarily left on public streets it has often been held negligence not to provide barricades by day or red lights by night to warn the public of the danger, and many cases may be found illustrative of this doctrine, but it has never been held, so far as we are advised, that this duty exists where the injured party knew the exact character and location of the dangerous condition and voluntarily goes into such danger. The instruction was misleading if the jury understood from it that it was the duty of appellant to appellee to provide safeguards to show him where a danger was, of which he had full knowledge.

The duty, for the neglect of which this suit is brought,

was a failure to use reasonable diligence to keep the street in a reasonably safe condition, and the instructions should have been confined to the case made by the declaration.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*