## City of Highland Park v. Minnie Gerkin.

### Gen. No. 4,521.

1. CONTRIBUTORY NEGLIGENCE—*when proof in action for sidewalk injury tends to establish.* Where it appears that the plaintiff at the time of her injury was familiar with the sidewalk in question, had passed over it a number of times, and where there is no evidence by her of the exercise of ordinary care, as, for instance, that she was observing or looking at the sidewalk where she was walking, the evidence would indicate contributory negligence.

2. INSTRUCTION—*as to right of recovery need not state measure of damages.* An instruction upon this subject need not likewise set forth the measure of damages to be applied in the cause where such subject is covered by other instructions given.

Action on the case for personal injuries. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

SMOOT & EYER, for appellant.

W. A. FLANEGAN, W. S. WELCH and FRANK M. COX, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

On the 12th day of April, 1904, appellee, while passing over one of appellant's sidewalks, fell and received injuries for which she brought suit. The declaration charges that the sidewalk over which appellee was walking at the time of her fall was in a bad and unsafe condition of repair, and that the planking and stringers of which it was composed were old, rotten, loose, broken and unfastened, and that appellee, by reason of these conditions, unavoidably and without fault on her part, tripped and stumbled upon the loose and unfastened plank and was thereby thrown to the ground and injured. The trial resulted in a verdict and judgment in her favor for $800, from which this appeal is prosecuted.

At the time of appellee's fall, she was passing along the sidewalk accompanied by two of her children. One of them was a young child in a baby carriage which she was pushing ahead of her, the other a little daughter five years old walking by her side. Appellee testified that the little daughter by her side stepped on the end of a board in the sidewalk and tipped the other end of it up so that it caught her foot and caused the fall. Another witness saw appellee fall, but was some little distance from her and does not undertake to say what caused the fall. The proof is uncontradicted that the walk at the place of the accident was in a very defective, decayed and dilapidated condition. Just

ahead of the place where appellee fell, a board was out of
the sidewalk and the baby carriage in which she had her
baby ran into that at the time of the accident.   The un-
contradicted proof also is that these defective and unsafe
conditions had existed for several months, which would
be constructive notice to appellant, and the proof further
showed actual notice to some of its officers.   The first point
made by appellant in favor of a reversal of this judgment
is, that there is no proof in the record that appellee was in
the exercise of ordinary care and caution for her safety at
the time of her injury.   We have read with care the testi-
mony and do not find in it any proof whatever upon this
subject.   Appellee testified to the injury occurring in the
manner we have before stated.   She was thoroughly famil-
iar with the sidewalk and its condition, having passed over
it, she says, a good many hundred times.   This presents
a different case from one where the conditions were not
known to the party injured.   Our Supreme Court held in
Village of Clayton v. Brooks, 150 Ill. 97, that where a per-
son knowing a sidewalk to be in an unsafe or dangerous
condition, attempts to pass over it and is injured, knowl-
edge of the danger presumptively establishes contributory
negligence.   The court further held that such presumption
was not conclusive and might be rebutted by evidence of
the exercise of ordinary care, under the circumstances of
the particular case.   Authorities are abundant to the effect
that knowledge of the unsafe and defective condition of a
sidewalk will not preclude a recovery by one injured while
attempting to pass over it, unless the dangerous condition
was of such character that no reasonable person of ordi-
nary prudence would attempt to use it.   While the evi-
dence in this case does not show the sidewalk in question
to have been in so dangerous a condition that the mere use
of it would have been such negligence as to bar a recovery,
yet it does show such defective and unsafe conditions that
a person injured while using it with full knowledge of
its defects, would be required, before being entitled to re-
cover for an injury sustained by reason of the defective and

unsafe condition of it, to prove that she was in the exercise of ordinary care for her safety under the circumstances at the time of the injury. Only ordinary care is required to be proved to authorize a recovery, but what is such care may differ according to the varying circumstances of the case. Thus more caution should be exercised under conditions known to be defective and unsafe, to meet the requirements of ordinary care, than under conditions which were unknown and which the injured party had a right to presume were safe. Appellee did not herself testify as to the manner in which she was walking, or whether she was observing any care passing over the sidewalk or not. Whether she was observing or looking at the sidewalk and where she was walking, or exercising any care whatever in the manner of passing over the walk, or whether she was looking at something else or in some other direction, does not appear from the testimony. We have quoted the substance of all she said on direct examination upon this subject. On cross-examination she testified she was "in a little bit of a hurry," but was not "in an awful hurry." In Village of Lockport v. Licht, 113 Ill. App. 613, we said with reference to a similar question : " Under this state of the proof appellee must overcome the presumption of contributory negligence arising from his conduct in exposing himself to injury with full knowledge of the danger to which he exposed himself." Appellee contends that the injury from the tipping up of the end of the board of the sidewalk could not be said to be from an obvious defect in the sidewalk, or from a known condition. We are of opinion that from the great frequency of the use made of this walk by appellee as testified to by her, she must be presumed to have had knowledge of the general rotten, loose and defective condition of it, and some proof should have been made of care in passing over it. In City of Aurora v. Hillman, 90 Ill. 61, cited and quoted extensively from by appellee, the court holds that knowledge of a defective condition of a sidewalk does not necessarily require a person to avoid its use by going into the street or taking some other course,

but in that case it is said in the opinion, "The men themselves testified they were walking carefully, and there is nothing in the record to contradict them." While there was no proof offered to show careless or negligent conduct of appellee in passing over the walk, neither was there any proof offered to show care and caution. In view of her knowledge of the unsafe condition of the sidewalk, some proof that she was in the exercise of ordinary care was indispensable to her right of recovery.

The correctness of instruction number one complained of by appellant, is sustained by Central Ry. Co. v. Bannister, 195 Ill. 48, and I. C. R. R. Co. v. Jernigan, 198 Ill. 297. Appellee's sixth instruction, after correctly defining the duty of appellant with reference to the care of its sidewalks, told the jury if they believed from all the evidence and under the instructions that appellant had not performed that duty and that appellee was injured in consequence of its negligence, as charged in the declaration, while she was in the exercise of reasonable care, then they should find appellant guilty and assess plaintiff's damages, if she had sustained any. The instruction does not tell the jury what the measure of damages is, but only that if they found appellant guilty, they should assess appellee's damages, if she had sustained any. Other instructions given for both appellee and appellant correctly state the measure of damages if plaintiff was entitled to recover, and instruction number six, taken in connection with the others given, is not erroneous and could not have prejudiced appellant or have been misleading to the jury. But for the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*