## THE VILLAGE OF LOCKPORT

### *v.*

## CHRISTOPH LICHT.

*Opinion filed April 17, 1906.*

1. MUNICIPAL CORPORATIONS—*municipal corporations are not insurers of safety of streets.* While it is the duty of cities and villages to use reasonable care to keep their streets in reasonably safe condition for public travel and free from obstructions, yet they are not insurers against accidents to persons using the streets, and they have power to authorize the laying of street railroad tracks and the erection of electric light poles in the streets.

2. SAME—*when person injured on a street cannot recover.* A wagon driver familiar with the torn-up condition of a street, having driven over it in that condition many times, cannot recover from the village for an accident to his person caused by his being knocked from his wagon by one of the barrels he was hauling, which projected over the edge of the wagon and struck against an electric light pole as the plaintiff was driving by.

3. INSTRUCTIONS—*when limiting exercise of due care to time of injury is misleading.* An instruction limiting the exercise of due care by a wagon driver for his safety to the time of the injury is misleading, where the real cause of his injury was the negligent manner in which he had loaded his wagon before proceeding to the street where the injury occurred, and which he claims was caused by the defective condition of the street.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

FRED W. WALTER, and KNOX & AKIN, for appellant.

J. W. DOWNEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Appellate Court affirmed a judgment of $2758 in favor of appellee, against appellant, for personal injuries. The action was originally brought against the village of

Lockport and the Chicago and Joliet Electric Railway Company, jointly. The case has been twice tried. The first trial resulted in a verdict and judgment in favor of the plaintiff for $4000, against the village. (See 113 Ill. App. 613.) On the second trial the jury was instructed to find the street railway company not guilty, and the motion on behalf of the village to instruct the jury to return a verdict in its favor was overruled.

The declaration is of two counts. The first alleged that on May 25, 1901, the village of Lockport was possessed of and held control of a certain public street, called State street, and ought to have kept the same in good and sufficient repair and condition; that the Chicago and Joliet Electric Railway Company was on said date engaged in constructing a street railway along and over said State street, and deposited a large embankment or pile of earth, extending from Ninth street to Tenth street, in said village, for a long and unreasonable length of time; that the earth was placed so close to the west side of the street as to leave the roadway of insufficient width to enable teams and vehicles to pass along the west side of State street between Ninth street and Tenth street with reasonable safety, all of which conditions were well known to the officers and agents of said defendant; that the plaintiff was driving a team of horses attached to a certain wagon loaded with kegs and barrels, and while passing along State street between Ninth street and Tenth street, and west of said embankment, and while in the exercise of ordinary care for his own safety, the embankment or pile of earth caused the wagon to suddenly slip and tip, by means whereof the plaintiff was thrown to the ground and run over by the wagon, and was thereby greatly and permanently injured. The second count is substantially the same as the first, with the additional averment that the railway company had negligently excavated the street and deposited a pile of earth on the west side of State street and allowed it to remain a long and unreasonable time, and that the village wrongfully and

negligently suffered said earth to remain in the street, and also permitted a certain pole, which obstructed the street and driveway west of said embankment, to be and remain there, all of which conditions were well known to the officers and servants of the defendant.

The undisputed evidence shows that the village of Lockport contains about four thousand inhabitants. State street extends north and south and is its principal business street. On February 18, 1901, the village authorities passed an ordinance granting to the Joliet Electric Railway Company permission to construct a double track railroad along said street, and at the time of the accident, and prior thereto, the company was engaged in the work of excavating along the center of the street to a depth of about one foot and some fourteen feet in width, throwing the earth upon the west side of the street. This pile of dirt extended from Ninth street to Tenth street, a distance of one block, and had been there for about four weeks prior to the accident. It was variously estimated by the witnesses to have been from three to five feet in height next to the excavation, sloping to the west. State street between Ninth and Tenth streets was one hundred feet wide. The walks on either side were ten or twelve feet wide. On the west side of the street, adjoining the sidewalk, was a gutter three or four feet in width, on the east edge of which was an electric light pole, standing in the street three or four feet from the east side of the sidewalk. Between the west edge of the pile of dirt and the electric light pole was a driveway, which had been used by the public since the excavation for the railway track. For several years prior to the accident the plaintiff had been a teamster for the Sehring Brewery Company of Joliet, and had been engaged in delivering beer from the brewery to saloons in Lockport. During the time the street was being excavated he had driven over it on the west side, as he testified, at least five times a week,—in all about fifty times,—and had been almost a daily witness of the progress of the work, with full knowledge of how and

for what purpose it was being done, and was familiar with all the circumstances and surroundings. On the morning of the accident he left Joliet about five o'clock with a load of beer, consisting of twenty-two half-barrels, which he loaded himself, placing seven barrels in the bottom of the wagon, crossways; five on either side, on the ends, at an angle of about forty-five degrees, one-half the length of them, some eighteen inches, projecting over the sides of the wagon; and he then placed a row of five in the center. He drove into State street south of Tenth street in the village and made a delivery of beer at a saloon located on the east side of the street, one or two doors south of Tenth street, and then drove to the west side of State street on Tenth street and started north, for the purpose of going to another saloon three doors south of Ninth street. The wagon slipped or tipped to the west, and one of the projecting barrels struck against the electric light pole and fell against the plaintiff, knocking him from his seat on the wagon to the ground, and his left hand was run over and he was otherwise injured.

A proper and timely instruction was asked on behalf of the defendant, directing the jury to find it not guilty, but it was refused and exception duly taken. We think it should have been given, first, on the ground that the evidence did not fairly tend to prove that the village was guilty of such negligence in maintaining its street in a reasonably safe condition as to make it liable; and secondly, because of the entire absence of proof that the plaintiff was in the exercise of ordinary care for his own safety at time of the accident.

While it is the duty of cities and villages to use reasonable care to keep their streets in a reasonably safe condition for public travel, free from obstruction, they are not insurers against accident to those using them, and have the power to authorize the laying of railroad tracks, water and gas pipes, the erection of lamp-posts, telegraph and electric light poles in and along them. The village of Lockport was therefore guilty of no wrong in permitting the electric railway com-

pany to place its tracks in State street, and the only theory upon which it could be held liable in this action would be that the railway company performed the work in an unusual and negligent manner, which the village permitted after notice. But we are unable to find any competent evidence in the record which, with all reasonable inferences and intendments to be drawn therefrom, fairly tends to show that the street was not, at the time of the accident, in a reasonably safe condition for public travel. True, it was not in a perfect condition; but, as already said, it was not necessary that it should have been absolutely free from imperfections in order to relieve the village of liability. Reasonable care and reasonable safety was all that the law required of the village authorities in order to relieve the village from liability. The evidence is all to the effect that the street had been used for more than a month in precisely the same condition as when the accident occurred. The plaintiff himself had used it with the same team and wagon four or five days in each week, and testified that after the dirt was thrown out he had driven along the street some fifty times. It was also used by others as a driveway, and no mishap or accident whatever occurred, so far as the evidence shows. If it should be said that the accident to the plaintiff is some evidence that the street was not in a reasonably safe condition, the answer is that his injury was purely the result of an accident, caused, not by the unsafe condition of the street alone, but because of the manner in which the beer barrels were loaded, extending over the side of the wagon. It is true that the evidence shows that by reason of the bank of earth thrown from the excavation the roadway was rendered somewhat slanting; but certainly it cannot be contended, especially in the face of this evidence as to the repeated use of the road, that the mere fact that it was so slanting rendered it unsafe for public travel. To so hold would make it next to impossible for a city or village to escape liability for accidents upon its streets, and compel them to carefully grade the same.

As to the observance of due care on the part of the plaintiff, we are at a loss to perceive how it can be said that there is any evidence whatever to establish such. If the street was not reasonably safe for public travel, no one knew that fact better than he did, and this he does not deny. Nevertheless, he loaded his wagon in such a way as to materially increase the hazard of attempting to drive over it, and in such a way as to, in fact, become the sole cause of the accident. We concede that even though he may have known that the street was not altogether safe for public travel, still he might drive over it, using care for his own safety consistent with the known imperfections of the street. But here he was guilty of the very negligent act which produced the accident. For the foregoing reasons we are clearly of the opinion that, as a matter of law, there was no evidence tending to support plaintiff's cause of action.

At the request of the plaintiff the court gave the jury the following instruction:

"The court instructs the jury that this is an action brought by Christoph Licht against the village of Lockport, claiming damages for injuries claimed to have been sustained by him on account of the alleged unsafe condition of State street between Ninth and Tenth streets, in said village; and if you believe, from the evidence, that the plaintiff was injured in manner and form as alleged in his declaration, or in some one count thereof, by reason of said street being in an unsafe condition, as therein described, and that the village of Lockport had notice of the said unsafe condition of said street for a sufficient length of time to have repaired the same, or that said unsafe condition of said street existed for such a length of time prior to the receiving of said injuries by the plaintiff that the village authorities, in the exercise of reasonable diligence, could have known of the existence of said unsafe condition and repaired the same, and if the jury believe, from the evidence, that the plaintiff at the time of the injury was driving along and over said State street, as al-

leged in the declaration or in some one count thereof, and was in the exercise of ordinary care for his own safety, then you will find the defendant guilty."

This instruction, as applied to the facts of the case, was misleading. It told the jury that if they believed, from the evidence, that the plaintiff, "at the time of the injury," was driving along the street, as alleged in his declaration, etc., and was in the exercise of ordinary care for his own safety, they should find the defendant guilty. This could mean nothing else than that if the plaintiff was using ordinary care at the very time of attempting to drive along the street, and at the moment of the accident, the verdict should be for the plaintiff, even though the jury may have believed that the plaintiff was grossly negligent in loading his wagon and driving upon a street which he knew to be out of repair.

It is insisted in support of the correctness of the instruction that it is sustained by *Lake Shore and Michigan Southern Railway Co.* v. *Ouska,* 151 Ill. 232,—citing *Lake Shore and Michigan Southern Railway Co.* v. *Johnsen,* 135 Ill. 641, *Chicago and Alton Railroad Co.* v. *Fisher,* 141 id. 614, *St. Louis National Stock Yards* v. *Godfrey,* 198 id. 288, and *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Robinson,* 204 id. 254. In these cases we held that if an instruction informs the jury that if the plaintiff was in the exercise of due care "at the time of his injury" it would be sufficient, etc., and that the words "at the time of the injury" did not restrict the use of due care to the moment of the injury, but had reference to the whole transaction,—that is, all that occurred from the time the injured party reached the railroad tracks upon which he was injured until the collision.

It is also contended that, even if the instruction is inaccurate in limiting the plaintiff's care to the immediate time of the accident, it is corrected by other instructions given on behalf of the village itself. The objection to the instruction which we have pointed out, that it takes away from the jury all question as to the plaintiff's care in loading his wagon

knowing that he was to drive over this particular street, is in no way met by the decisions cited, nor is there any instruction pointed out or to which our attention has been directed which cured that omission.

Other alleged errors are called to our attention, but in view of the foregoing we deem it unnecessary to consider them.

We are satisfied from the consideration of the whole record that the judgment of the circuit court should have been reversed by the Appellate Court, and that for the errors of law above pointed out its judgment must be reversed.

*Reversed and remanded.*