## Emily Cole, Appellee, v. City of East St. Louis, Appellant.

1. NEGLIGENCE—*erroneous instruction with respect to use of street in action for injuries resulting from being injured while driving upon an alleged defective street.* It is error in instructing the jury with respect to the care to be · exercised by the plaintiff to limit the observance of such care "to the circumstances surrounding the plaintiff at the time" 'of the injury, as the negligence of the plaintiff might have consisted in the act of driving upon the street knowing its condition.

2. APPEALS AND ERRORS—*what questions may be raised.* A question which might properly have been argued under the points specified in the written motion for a new trial may be urged upon appeal if the bill of exceptions does not show what was presented in the argument upon the motion.

3. NOTICES—*when failure to prove notice required by section 2 of "An Act concerning suits at law for personal injuries and against cities, villages and towns."* If service of notice as required by the statute is alleged, proof thereof must be made, and the absence of such proof is fatal, even though the question be first raised on motion for new trial under the specification of insufficiency of evidence to support the verdict.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

MAURICE V. JOYCE and WISE, MCNULTY & KEEFE, for appellant.

W. M. VANDEVENTER and R. P. & C. B. WILLIAMS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On the evening of August 28, 1907, appellee was injured by being thrown from a buggy in which she was driving along Ninth street in the city of East St. Louis. She brought suit for damages against the city and the jury returned a verdict in her favor for

$8,333.33.  A *remittitur* of $2,333.33 was entered by her and judgment rendered for $6,000.

During the spring and summer of 1907 the city was engaged in grading, curbing and paving with brick Ninth street, from St. Clair avenue to the northeasterly limits of the city.  As the work progressed, barricades were placed across Ninth street and at every cross street, by putting in posts and nailing boards to them to prevent traveling on the street.  At the barricades were placed printed notices stating that the street was closed by order of the mayor.  Work on the block between Natalie and Lake avenues, some six blocks northeast of St. Clair avenue, was commenced in June and the usual barricades erected.  Shortly prior to the time appellee was injured, persons not connected with the city had removed the greater portion of the barricades across Ninth street in said block, so that only two posts and a pile of rock remained in the street.  On one of these posts was the usual notice that the street was closed by order of the mayor.  Thereafter one side of the street appears to have been used to a greater or less extent by persons having occasion to drive through there.  On the day in question at about 7:30 P. M. appellee, in company with an elderly lady and two children, drove into Ninth street at Exchange avenue some three blocks east of St. Clair avenue and thence out Ninth street to Lansdowne, a suburb just east of the city.  They made the trip out in safety but on their return along the same street the buggy struck one of the posts remaining in the street between Lake and Natalie avenues and appellee was thereby thrown out and received the injuries complained of.

There was a sharp conflict in the evidence concerning the facts necessary to entitle appellee to recover and, so far as we can judge from the record, appellee appears to have failed to show by a preponderance of the evidence that she was in the exercise of ordinary care for her own safety in entering upon and driving

along Ninth street, under the conditions shown to have existed on the evening she was injured. In such case it is especially important that the law bearing upon the questions in issue, should be correctly stated to the jury in the instructions by the court.

The third instruction given for appellee was as follows:

"The jury are further instructed that the reasonable care and caution required of plaintiff as mentioned in these instructions, means that degree of care and caution which might reasonably be expected from an ordinarily prudent person under the circumstances surrounding the plaintiff at the time of the alleged injury."

This instruction is misleading for the reason that the jury might well have inferred from it that the care and caution mentioned as required of plaintiff, applies only to the time of the alleged injury, which would not be a true rule of law as applied to the facts in this case. Her negligence, if any, may have consisted in the fact that she drove into the street in the dusk when she knew its condition, having just passed over it on her way out of the city. She herself said, speaking of her return trip and the place in question: "We watched the road then because it was awful dark and there were two red lights one on each side of the street and we desired to keep right in the middle of the street to be safe, and there were stones all the way down and all of a sudden the buggy struck something and it stopped still and the next moment I felt myself pulled" etc.

In the Village of Lockport v. Licht, 221 Ill. 35, the trial court gave an instruction, stating certain conditions necessary to be found to exist, to entitle the plainiff to recover, concluding, "and if the jury believe from the evidence that the plaintiff at the time of the injury was driving along and over said State street, as alleged in the declaration or some one count thereof, and was in the exercise of ordinary care for

his own safety, then you will find the defendant guilty.'' The Supreme Court in passing upon this instruction said: ''This instruction as applied to the facts in the case was misleading.    It told the jury that if they believed from the evidence that the plaintiff 'at the time of the injury' was driving along the street as alleged in his declaration, etc., and was in the exercise of ordinary care for his own safety, they should find the defendant guilty.    This could mean nothing else than that if the plaintiff was using ordinary care at the very time of attempting to drive along the street and at the moment of the accident the verdict should be for the plaintiff even though the jury may have believed that the plaintiff was grossly negligent in loading his wagon and driving upon a street which he knew to be out of repair.''    See also· North Chicago St. Ry. Co. v. Cossar, 203 Ill. 612; C., M. & St. P. Ry. Co. v. Halsey, 133 *id.* 248; C., B. & Q. Ry. Co. v. Sack, 129 Ill. App. 60; I. C. Ry. Co. v. Hicks, 122 Ill. App. 349.

Section 2 of ''An Act concerning suits at law for personal injuries and against cities, villages and towns'' in force July 1, 1905, provides, that any person who is about to bring a suit against an incorporated city for damages on account of a personal injury, shall within six months from the date of the injury, or when the cause of action accrued, either by himself, agent or attorney file in the office of the city attorney, if there is one, and also in the office of the city clerk, a statement in writing giving certain information therein designated; and section 3 of the same act provides, that if such notice is not filed as so provided, then any such suit brought against such city, shall be dismissed and the person to whom any such cause of action accrued for, any personal injury, shall be forever barred from further suing.    Appellee in her declaration alleged the giving of such a notice and therein set out the same in full.

Upon the trial however no proof was made of the

service of the notice nor do we find anything in the record to show that the question of the service of the notice was in any way referred to.

Appellant here insists that the omission to prove compliance with the statute was fatal to a recovery, while appellee on the other hand contends that as compliance with the statute was fully set out in the declaration and no motion made for dismissing the case, and the question of the service of the notice not raised in the court below, appellant cannot properly raise the question in this court. We find however, that among the reasons set out by appellant, why the verdict should be set aside in appellant's motion for a new trial, were that the verdict was not sustained by sufficient evidence, that it was contrary to the evidence in the case, contrary to the law in the case and against the law and the evidence in the case. Under these allegations of the motion for a new trial, it would have been proper for appellant to have raised the question that appellee did not prove service of the notice set out in the declaration. The record does not show what points were raised in the argument upon the questions presented by the motion for a new trial and such being the case we are not at liberty to infer or assume what was or was not said on that occasion.

Appellant also filed a motion in arrest of judgment which, as well as its motion for a new trial, was overruled. In its assignment of errors, appellant alleges among other things that the court below erred in overruling appellant's motion for a new trial and in arrest of judgment. As the record does not show whether the question of the service of the notice was or was not presented to the court under the motion for a new trial, and as that question could have been properly raised under those allegations of that motion above referred to, we are of opinion the question can be raised by appellant here under its assignment of errors.

Appellee relies on the case of the City of Waukegan

v. Sharafinski, 135 Ill. App. 436, to sustain her position that the question of notice cannot be raised here. In that case the declaration contained no averment of service of the statutory notice. On the trial however the plaintiff offered in evidence two notices, one served on the day the suit was begun and the second just before the trial. It is there stated by the court: "Appellant objected to the introduction of the notices but did not specifically object because the notice was served on the day suit was begun. The statute above quoted seems to contemplate that the remedy, if proper notice has not been given, is to have the suit dismissed which is apparently by motion addressed to the court and not by submitting the matter to the jury. Appellant did not move to dismiss nor did it seek to obtain any direct ruling of the court on that question. * * * No ruling was asked of the court upon the right of plaintiff to maintain this action under these notices. No motion to dismiss was made nor any instruction offered directly on the subject and we are of the opinion that the motion appearing in the record at the close of all the evidence, asking for an instruction that the jury find a verdict of not guilty, did not raise this question."

It is to be observed that in the above case there was no averment of service of the statutory notice in the declaration and the question raised in the Appellate Court was as to the sufficiency of the notice offered in evidence, upon which no ruling was asked of the court below, while in this case the giving of the notice was alleged in the declaration, but there was a failure to make proof of that allegation which was a substantial and material one.

In the case of Erford v. City of Peoria, 229 Ill. 546, where the above mentioned statute in reference to the giving of notice was under consideration, it is said: "If a party having a claim for personal injuries may wait until the six months have about expired and then sue without giving any notice, the law might as well

be repealed. Statutes of this character are mandatory and the giving of the notice is a condition precedent to the right to bring such suit and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit. This instruction is in harmony with the holdings of other states where similar statutes exist.''

The above case seems to establish the doctrine that the giving of the notice is a condition precedent to the right of bringing the suit and must both be averred and proved by the plaintiff. It is true the court speaks of the dismissal of the suit, in case the giving of the notice is not averred and proved, but in that very case the city of Peoria took advantage of the failure of the party suing to aver in his declaration and prove the giving of such a notice, not by a motion to dismiss the suit, but by a motion that the court instruct the jury that there was not sufficient evidence to support a verdict, which the court sustained and judgment was rendered in favor of the city upon a directed verdict. It appears, therefore, that the right of the city to take advantage of the failure to give the notice is not confined to a motion to dismiss the suit. In this case appellant made a motion at the conclusion of plaintiff's evidence to exclude the evidence of plaintiff and for an instruction to the jury to find the defendant not guilty and again renewed its motion at the close of all the evidence. In its motion for a new trial it assigned as a reason why a new trial should be granted that the court erred in refusing to grant each of said motions.

We are of opinion that the court below erred in refusing to grant appellant's motion for a new trial and the judgment herein will therefore be reversed and the cause remanded.

*Reversed and remanded.*