## City of Litchfield v. Mary Anglim.

1. NEGLIGENCE—*Traveling Upon a Sidewalk With Knowledge of Defects.*—Traveling upon a sidewalk, by one having knowledge of dangerous defects therein, does not necessarily constitute negligence.

2. JURY—*Province of, etc.*—It is the province of the jury, and not that of a witness, to say whether, in actions for personal injuries, the plaintiff was proceeding with care when the accident occurred.

Action in Case, for personal injuries. Appeal from the City Court of the City of Litchfield. Montgomery County; the Hon. AMOS OLLER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

PAUL McWILLIAMS, attorney for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $450, recovered by appellee for injuries sustained by her in falling into a hole in a defective sidewalk.

The evidence in the record shows that several months before appellee met her injury the city authorities had removed a board sidewalk, which had before existed on the west side of Warren street, in Litchfield, and in its stead constructed a cinder walk, leaving a few sections of the board walk to cover some drains, which passed under the walk, to drain adjacent lots. The wooden sections so left were old and in bad repair. At one place there was a plank out, six inches wide and four feet long, exposing a hole from twelve to eighteen inches in depth. While passing along the walk, on a dark and rainy night in February, 1898, appellee fell into this hole and sustained the injuries complained of.

That appellant was guilty of gross negligence in allowing such a man-trap, as the evidence shows this hole was, to exist for a period of six months, is not denied, but it is contended that appellee is precluded from a recovery by knowingly exposing herself to danger, and failing to exercise ordinary care for her own safety. Defending upon that line, appellant moved the court to instruct the jury to find the issues against appellee. The overruling of that motion is the chief contention relied upon for a reversal of the judgment. We do not think the trial court erred in overruling the motion. The place where appellee fell was shrouded in darkness, there being no street lights in that vicinity, and it was upon the line of travel from the house she had been visiting to her home. True, she knew of the

hole in the walk, and had passed over it earlier during the same evening; but the mere fact of her attempting to pass over it again did not necessarily render her guilty of such contributory negligence as should preclude all right of recovery. That traveling upon a sidewalk by one having knowledge of dangerous defects therein does not necessarily constitute negligence, is abundantly supported by authority. (Beach on Contributory Negligence, 39; City of Aurora v. Dale, 90 Ill. 46; City of Bloomington v. Chamberlain, 104 Ill. 268; Village of Clayton v. Brooks, 150 Ill. 97; Evans v. City of Utica, 69 N. Y. 166; Bullock v. City of New York, 99 N. Y. 654; Whittaker v. West Boylston, 97 Mass. 273.) The knowledge which the party suing had of the dangerous condition of the sidewalk is a circumstance, and perhaps a strong one, tending to show want of ordinary care, but it is only a circumstance, to be submitted in connection with other facts and circumstances in proof, to enable the jury to determine the ultimate fact of whether the party was, at the time of receiving the injury, in the exercise of proper care for his own safety.

While appellee was on the witness stand her counsel, over the objection of appellant, was permitted to ask her the following question: "Were you going along carefully or otherwise?" She answered, "I was going along carefully." The question and answer were both improper. It was the province of the jury, and not that of the witness, to say whether she was proceeding with care. It appears from the record, however, that she and the witness in company with her, John Handrehan, detailed the facts attending the injury, stating fully the manner in which she was walking and what took place immediately before and at the time of the injury. We think the facts detailed by him justified the jury in the conclusion that appellee was at the time in the exercise of reasonable and ordinary care. The error of court, in allowing the question and answer, was not sufficiently harmful, therefore, to require a reversal.

The court gave nine instructions for appellant and refused one asked by it. The refused instruction related to the

care which the law requires of one passing over a dangerous sidewalk. The principle embodied in it was contained in instructions numbered 5, 7 and 9. There was no error in refusing it. The jury were fully instructed upon the law of the case.

We see no sufficient ground for disturbing the judgment, and the same will be affirmed.