# John H. Geary, Appellee, v. City of Chicago et al., Appellants.

## Gen. No. 15,431.

1. NEGLIGENCE—*failure to protect stairway opening upon street.*
*Held,* that it was negligence to maintain a stairway which opened
upon and extended into a public street which was unprotected upon
one side thereof. *Held,* further, that the plaintiff, a pedestrian,
who was injured by falling into the opening, was not, under the
evidence, guilty of contributory negligence which barred a recovery.

2. NEGLIGENCE—*must not take question from jury.* Whether it
is negligence to fail to place guards or railings about a stairway
opening into a public street, is a question of fact to be determined
by the jury, and the court should not by its instructions take such
question away from the jury.

3. NEGLIGENCE—*when owner of abutting property jointly liable
with municipality.* If a stairway extending into and opening upon
a public street is a nuisance and an injury results to a pedestrian
by reason thereof, the owner of the property to which such stair-
way is appurtenant is jointly liable with the municipality having
control of the street.

4. INSTRUCTIONS—*must not assume facts not in evidence.* An
instruction is properly refused which assumes the existence of facts
not established by the evidence.

5. INSTRUCTIONS—*when should define ordinary care.* An instruc-
tion which concludes with a direction to the jury to find for the
defendant if certain facts are believed, should be full and complete,
and the issue of ordinary care being in the case a definition of what
would be ordinary care under the circumstances shown, should
be contained in the instruction.

6. INSTRUCTIONS—*when contains intimation that exercise of more
than ordinary care was required.* An instruction asked by the de-
fendant in a personal injury suit which gives undue prominence
to physical disabilities and infirmities of the plaintiff, is properly
refused in that it intimates that the exercise of more than ordinary
care is required.

Action in case for personal injuries. Appeal from the Superior
Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presid-
ing. Heard in the Branch Appellate Court at the March term, 1909.
Affirmed on *remittitur.* Opinion filed May 5, 1911.

**Statement by the Court.** This is an appeal from a
judgment of the Superior Court in favor of the plaint-

iff below (appellee here) upon a verdict of $4,000, on account of injuries sustained by the plaintiff, caused by the negligence of the defendants.

The Berkshire Life Insurance Company owned the property at the corner of North Western avenue and Pleasant Place. It was improved with a building upon it and a basement below. About 9 o'clock of the evening of March 28, 1907, appellee, while walking east on Pleasant Place near and toward the corner of that street and North Western avenue for the purpose of boarding a street-car, fell into an open stairway adjoining the property owned by the defendant, the Berkshire Life Insurance Company. As a result of the fall plaintiff claims to have sustained serious injuries.

The declaration alleged negligence on the part of the defendant in permitting the stairway or opening on the sidewalk, leading downward a depth of eight feet into the basement of the building, and failing to keep or maintain any railing, guard or protection of any kind whatsoever on the west side or opening to said stairway.

The evidence tended to show that the night was very dark, foggy and rainy, and that there was no street light at the corner, nor was there any light in or about the opening to the stairway.

The defendants contend that the plaintiff's injuries were by no means as serious as claimed, and that the flesh wound over the right eye, one of the injuries received, was entirely healed within three weeks. They also introduced evidence tending to show that, conceding plaintiff was suffering from pains in the head, or that his eye-sight was defective, still such pains or defective eye-sight were due to causes other than the injuries sustained in the fall; that in effect the plaintiff had been seriously ill when about thirteen years of age, as a result of which his eye-sight was considerably affected at that time, and that the claimed impairment of his eye-sight must have been largely caused by that illness.

Appellants contend here that the damages are excessive, and that the court below erred in not instructing the jury to find for the defendants; and also erred in refusing to give four other certain instructions asked by the defendants.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant, City of Chicago; M. R. HARRIS and E. C. FITCH, of counsel.

THOMAN, HARNWELL & PEARSONS and EDWIN WHITE MOORE, for appellant, Berkshire Life Insurance Co.

DAVID G. ROBERTSON and ROCKHOLD & BUSCH, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The accident to plaintiff occurred about 9 o'clock of a dark, rainy, foggy night. Appellee was walking east on the cement sidewalk on Pleasant Place to take a car on North Western avenue. About twenty or twenty-five feet west of North Western avenue, with its opening to the west, began a stairway leading downward to the basement under the building owned by the appellant, The Berkshire Life Insurance Company. The sidewalk was a little wider than the stairway, but at this point was widened out so that persons might walk around the stairway. There was an iron railing around the east and north sides of the stairway, but no light or obstruction to hinder one from falling down the stairway if he approached from the west. From the testimony and an inspection of the photograph offered in evidence, we think the defendants were clearly liable for maintaining such a dangerous place in a public sidewalk of the city. Indeed, the liability of the defendants does not seem to be seriously controverted, except that the defendants contend that plaintiff was guilty of such contributory negligence as prevented a recovery.

After careful examination of the testimony we find ourselves unable to sustain this contention and, therefore, hold that the court below did not err in refusing to give the peremptory instructions asked by the defendants.

Defendants also complain of the court's refusal to give certain other instructions, the first of which is as follows:

"The court instructs you that a person who is disabled or lacking some or all of the natural faculties must use care and caution commensurate with such disabilities in passing over or along a sidewalk; therefore, in this case, if you believe from the evidence that the plaintiff, at and before the time of the alleged accident, was suffering from some ailment or defect in his eyes and ears, and while passing over or along the sidewalk in question he did not use such care and caution commensurate with such disabilities or defects, if you believe from the evidence such to be the fact, and that such failure on his part, if there be such failure on his part, proximately caused or contributed to cause the alleged accident in question, then you should find the defendant not guilty."

We think this instruction clearly objectionable. It assumed facts not in evidence, and gave undue prominence to the alleged disabilities of the plaintiff, thereby intimating to the jury that the appellee was required to use more than ordinary care. Moreover, since the instruction directed a verdict, and, therefore, must be full and complete, it did not define what would be ordinary care under the circumstances shown. The instruction in terms refers to "some ailment or defect in his eyes and ears," and it does not at all appear that his defective hearing could in any way have contributed to the accident. There was no noise or outcry being made which could have warned him had his hearing been perfect.

Appellants also complain of the court's refusal to give instruction number 3 asked for by them, which reads as follows:

"Under the law in this state, the mere fact that plaintiff was injured by reason of a failure to place guards or railings at the place in question does not of itself establish liability on the part of the defendants, or either of them. The test in this case is whether or not the conditions as they existed at the time and place in question as shown by the evidence in this case were such as to make the sidewalk reasonably safe for ordinary travel thereon by persons who are themselves in the exercise of due care and caution for their own safety, in view of the circumstances surrounding them."

The court was justified in refusing this instruction, because it sought to inform the jury that the failure to place guards or railings was not sufficient as a matter of law to establish the negligence of the defendants. This was clearly a question for the jury. City of Chicago v. Baker, 195 Ill. 54. In any event the refusal of the instruction could not have injured the appellants, because the jury were fully instructed in the matter in other instructions given.

The next instruction which it is claimed the court erred in refusing is as follows:

"You are instructed that under the law in this State the defendant is not required to exercise a higher degree of care toward the plaintiff than is the plaintiff required to exercise himself to avoid injury. All that the City is required to do under the law is to exercise reasonable care to keep and maintain its streets in a reasonably safe condition for the ordinary purpose of travel thereon by persons who are themselves in the exercise of ordinary care for their own safety at the time, in view of all the circumstances surrounding them.

"Therefore, if you believe in this case that at the time and place of the alleged accident the plaintiff was not exercising such care and caution for his own safety as an ordinarily prudent person would exercise under like circumstances, and that such failure on his part caused or contributed to cause said injury, then no matter how the City neglected its duty in this case,

you should find the defendant, City of Chicago, not guilty."

The substance of this instruction seems to us fully covered by instructions numbered 1, 2 and 5, actually given on behalf of appellants. Appellants also complained that the court refused to give an instruction offered by them reading:

"You are instructed that the defendant, the Berkshire Life Insurance Company, cannot be held liable to the plaintiff in this case, and cannot be found guilty, unless you find from the evidence that the maintaining of the stairway, mentioned in the evidence, was a wrongful act."

This instruction is misleading. The question which the jury had to decide was whether maintaining the stairway was a negligent act, while the instruction was to the effect that the Insurance Company could not be held liable unless the maintaining of the stairway was a wrongful act.

Lastly, appellants complain that the court refused to give instruction number 6, which they tendered, and which reads:

"You are instructed that the fee of the land used for the streets and sidewalks is owned by the City of Chicago, and that it is only the duty of the said City to use reasonable care to make the streets and sidewalks reasonably safe for the use of persons passing thereon, such persons using such care and caution for their own safety as ordinarily prudent persons would use under like circumstances. You cannot find the Berkshire Life Insurance Company guilty, unless the sidewalk was rendered unsafe for travel to persons using such care, by reason of some act on the part of said Berkshire Life Insurance Company."

This instruction does not correctly state the law. It is not true that in all cases the fee of the land used for streets and sidewalks is owned by the City of Chicago, nor is it true that the Insurance Company could not be found guilty unless, by reason of some act on its part, the sidewalk was rendered unsafe. Its ownership and use of the property, with the stairway, con-

stituting a nuisance extending out into the sidewalk, rendered it jointly liable with the City of Chicago. City of Peoria v. Simpson, 110 Ill. 294.

Finding no reversible error in the action of the court in respect to these instructions, we now proceed to consider the contention that the verdict was excessive.

After a careful consideration of all the evidence in the case, we have reached the conclusion that the verdict is too large. Appellee suffered serious injuries, for which we have already found that appellants were responsible. From the character and extent of the injuries, we think the appellee will be compensated by receiving $3,000. Accordingly, if appellee will, within ten days from the filing of this opinion, file in this court a remittitur of $1,000, the judgment will be affirmed; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed May 6, 1911.